## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and On Behalf of All Others Similarly Situated,　　　　　　)<br>　)<br>　)<br>　)<br>Plaintiffs,　　　)<br>　)<br>v.　　　　　　　　　　　　　　　)<br>　)<br>CONSECO SENIOR HEALTH INSURANCE COMPANY and CONSECO, INC., and DOES 1-20　　　　　)<br>　)<br>　)<br>Defendants.　　)　) | **FILED: JULY 9, 2008**<br>**08CV3914**<br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE ASHMAN**<br>**AEE**<br>　**CIVIL ACTION NO.**<br><br>_____ |

## NOTICE OF REMOVAL

Defendants Conseco Senior Health Insurance Company and Conseco, Inc. (collectively the "Conseco Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action from the Circuit Court of Cook County Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

## INTRODUCTION

1.　　Plaintiffs originally commenced this action by filing a Complaint against the Conseco Defendants in the Circuit Court of Cook County, Illinois, which is a state court in this judicial district. _Sheldon Langendorf and Estelle Langendorf. v. Conseco Senior Health Insurance Co., Conseco, Inc. and Does 1-20_, No. 08CH2057I (the "state court action").

2.　　In the Complaint, Plaintiffs purport to set forth claims for breach of contract and violation of the Illinois Consumer Fraud & Deceptive Business Practices Act ("ICFA") based on the Conseco Defendants' allegedly wrongful denial of claims under Sheldon Langendorf's Conseco health insurance policy.　Plaintiffs allege that the Conseco Defendants have

"systematically declined" to pay its insureds under certain Conseco health insurance policies where the insureds allegedly submitted proper documentation of such claims. *See* Complaint, ¶¶ 12-15. Plaintiffs bring this action on behalf of themselves and two classes of similarly situated individuals and entities. Complaint, ¶ 24. Plaintiffs allege that each class includes "at least hundreds of members." *Id*., ¶ 26.

3.       Plaintiffs make claims for breach of contract and request relief pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505 *et seq*. Based on these claims, Plaintiffs seek, on their own behalf and on behalf of hundreds of putative class members, compensatory damages and declaratory relief. Plaintiffs also seek, individually and on behalf of the purported class, pre- and post-judgment interest, punitive damages, and attorney's fees and costs.

## GROUNDS FOR REMOVAL

## I.    CLASS ACTION FAIRNESS ACT OF 2005.

4.       This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

5.       This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), which provides in pertinent part as follows:

> (2)       The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

6.      The Class Action Fairness Act has amended 28 U.S.C. § 1332 to provide for original federal jurisdiction over, *inter alia*, class actions in which the number of members of the proposed plaintiff class is 100 or more; there is diversity of citizenship between any one member of the plaintiff class (named or unnamed) and any defendant; and the amount in controversy (which may be calculated by aggregating the claims of all class members) exceeds $5 million. The Complaint herein satisfies each of these requirements.

7.      Plaintiffs allege that there are "at least hundreds of members" included within each of the two classes.   Complaint, ¶ 26.   The proposed plaintiff class thus satisfies the requirement of 100 or more class members.

8.      The minimal diversity requirement is also satisfied.  Conseco, Inc. is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Indiana. Conseco Senior Health Insurance Company is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Indiana.  The Conseco Defendants are not citizens of Illinois.  Upon information and belief, Plaintiffs are resident citizens of the State of Illinois.

9.      The amount in controversy requirement is likewise easily satisfied based on Plaintiffs' own allegations.  Plaintiffs allege that two classes exist, defining them as the "Medicare Bill Class" and the "Policy Class".  Plaintiffs themselves allege that *each* of the two purported classes contain "at least hundreds" of persons.  Complaint, ¶ 26.  Plaintiffs further allege that *each* member of the purported classes were "withheld *well in excess of ten thousand dollars* in pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy." Complaint, ¶ 46 (emphasis added).

10.     With each of the two classes containing "at least hundreds" of persons and each member of the classes sustaining "well in excess of ten thousand dollars," Plaintiffs allege in their own Complaint damages in excess of the jurisdictional amount if the total amount of the class is only 500 or more members.  Accordingly, the jurisdictional amount is satisfied by looking solely within the four corners of Plaintiffs' Complaint.  Because Plaintiffs' allegations, standing alone, satisfy the jurisdictional amount, no further inquiry is needed.

11.     However, in addition to Plaintiffs' allegations in their Complaint, Defendants proffer the following evidence that further proves the jurisdictional amount is easily satisfied.[1] There are 148,880 Conseco Senior Long-term Care ("LTC") policies and approximately 1,300 Conseco Hospital Indemnity policies in effect.  (*See* Affidavit of Kathy Schludecker, attached hereto as Exhibit A; Affidavit of Vega Duncan, attached hereto as Exhibit B).  Plaintiffs have included within the "Medicare Bill Class" all Conseco policyholders who have "submitted Medicare documentation of a claim, but whose claim the Conseco Defendants did not pay under the pretense of needing additional information from the health care provider."  Complaint, ¶ 24. Plaintiffs have included within the "Policy Class" all persons "at least sixty-five years of age

---

[1] By proffering this evidence, the Conseco defendants do not admit and expressly deny that Plaintiffs are due class certification.  However, for the purposes of this Removal only, the Conseco defendants take Plaintiffs' allegations as true on their face.

who are present policyholders and/or insureds of a Conseco policy that requires 'proof of loss' to submit a claim." *Id.* Given the broad sweep of the two classes, the number of policyholders who may qualify as class members, under either class, could potentially number in the thousands. As noted above, Plaintiffs themselves allege that each class includes at least hundreds of members. *Id.*, ¶ 26.

12.     Therefore, the universe of potential class members is 150,180 policyholders. (*See* Affidavits, Exhibits A and B). For these 150,180 policies, if only one month's average benefits is in dispute, it would create alone enough to exceed the jurisdictional amount by 95 times. *Id.*

13.     Accordingly, the amount in controversy in this action clearly exceeds the $5,000,000 jurisdictional threshold notwithstanding Plaintiffs' failure to specify damages in their Complaint.

## PROCEDURAL REQUIREMENTS

14.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

15.     Federal jurisdiction exists under 28 U.S.C. § 1332(d), as this civil action is a class action involving a proposed plaintiff class of 100 or more; there is diversity of citizenship between a member of the plaintiff class and the Conseco Defendants; and the amount in controversy exceeds $5 million.

16.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Conseco in the state court action is appended hereto collectively as Exhibit C.

17.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446. The Conseco Defendants were served with the original petition on or about June 9, 2008.

*See* Ex. B.  Therefore, this removal is timely because it was filed within thirty (30) days of the service of the first summons and complaint.

18.     The Conseco Defendants have heretofore sought no similar relief.

19.     Removal is proper to this United States judicial district under 28 U.S.C. § 1441(a), because this district embraces the Circuit Court of the State of Illinois for Cook County, the forum in which the removed action was pending.

20.     The Conseco Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

21.     Contemporaneously with the filing of this Notice, the Conseco Defendants are causing to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

22.     The only named Defendants in this action join in this removal.  There are no other named or served Defendants.

WHEREFORE, the Conseco Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully submitted,


s/ Mark B. Ruda
Mark B. Ruda
mruda@condoncook.com

Condon & Cook, LLC
745 North Dearborn Street
Chicago, Illinois  60654
Telephone:  (312) 266-1313
Facsimile:  (312) 266-8148

*Attorney for Defendants, Conseco Senior Health
Insurance Company and Conseco, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in U.S. Mail, postage prepaid and properly addressed, on this the 9th day of July, 2008:

Larry D. Drury, Esq.
Ilan J. Chorowsky, Esq.
Larry D. Drury, Ltd.
205 West Randolph Street
Suite 1430
Chicago, Illinois  60606


s/ Mark B. Ruda
OF COUNSEL

AEE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT /CHANCERY DIVISION

Sheldon Langendorf
_____
                              Plaintiff

        v.

_____
Conseco Senior Health Insurance Company et al.
                              Defendant

Case No. **08CH20571**

## CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division.  The information contained herein is for Administrative purposes only and shall not be introduced into evidence.  Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____ **Administrative Review**
006 _____ **Change of Name**
001 ✓ **Class Action**
002 _____ **Declaratory Judgment**
004 _____ **Injunction**
008 _____ **Mechanic's Lien**
003 _____ **Mortgage Foreclosure**

007 _____ **General Chancery**
_____ **Accounting**
_____ **Arbitration Awards**
_____ **Certiorari**
_____ **Dissolution of Corporation**
_____ **Dissolution of Partnership**
_____ **Equitable Lien**
_____ **Interpleader**
_____ **Mandamus**
_____ **Ne Exeat**

_____ **Partition**
_____ **Quiet Title**
_____ **Quo Warranto**
_____ **Redemption Rights**
_____ **Reformation of a Contract**
_____ **Rescission of a Contract**
_____ **Specific Performance**
_____ **Trust Construction**
_____ **Other** _____

By: _____
                    **Attorney**                              **Pro Se**

Atty. No.: 22873

Name: Larry D. Drury Ltd.

Atty. for: Plaintiff

Address: 205 W. Randolph Street, Suite 1430

City/State/Zip: Chicago, IL 60606

Telephone: (312) 346-7950

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SHELDON LANGENDORF and            )
ESTELLE LANGENDORF, individually  )    **JURY TRIAL DEMANDED**
and on behalf of all others similarly  )
situated,                         )
                                  )
                Plaintiffs,       )
                                  )    **08 C H 20571**
        v.                        )    No.
                                  )
CONSECO SENIOR HEALTH             )
INSURANCE COMPANY, CONSECO,       )
INC. and DOES 1-20.               )
                                  )
                Defendants.       )

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, Sheldon and Estelle Langendorf, individually and on behalf of all others similarly situated, by and through their attorneys, Larry D. Drury, Ltd., and, complaining against the Defendants, Conseco Senior Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20, (collectively, "Conseco" or "Defendants"), states as follows, upon personal knowledge as to facts pertaining to Plaintiffs or their counsel, and as to other allegations upon information and belief, following investigation of counsel:

1.    This case seeks relief for Plaintiffs and scores of other persons insured by Conseco whose health insurance claims were denied due to Conseco's scheme of dishonoring valid claims under the fabricated pretense of not receiving proper documentation of proof of the claim. By virtue of this unlawful claims denial practice, Conseco has preyed on its insureds to pad its hefty profits.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction in this case pursuant to 725 ILCS 5/2-209, in that the Defendants have transacted business and committed acts relating to the matters complained of herein in this State.

3.    Cook County is a proper venue for this action pursuant 735 ILCS 5/2-101 and/or 5/2-102, in that the transaction or some part thereof out of which this cause of action arose occurred within Cook County, and because the Defendant is authorized to transact business in Illinois and regularly does business in Cook County.

## PARTIES

4.    Plaintiffs, Sheldon and Estelle Langendorf, at all relevant times were and/or continue to be insured by Sheldon Langendorf's Conseco health insurance policy; submitted claims pursuant to said policy; and their claims were not paid or were denied by Conseco purportedly for failure to submit sufficient documentation in support of said claims.

5.    Conseco Senior Health Insurance Company is an insurance company incorporated under the laws of Pennsylvania, with offices in Indiana, and does business in Illinois.

6.    Conseco, Inc., a Delaware corporation incorporated under the laws of Delaware and with principle offices in Indiana, is the parent company for Conseco Senior Health Insurance Company and the rest of its group of insurance companies that operate throughout the United States under the "Conseco" brand and name.

7.    Doe Defendants 1-20 are entities related or affiliated with Conseco Senior

2

Health Insurance Company or Conseco, Inc., who are liable in whole or part for the conduct herein alleged. If appropriate, Plaintiffs will amend the Complaint to bring claims against such parties after their identities have been ascertained.

8. The allegations herein with respect to Conseco are inclusive of Conseco Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20, which participated, combined and conspired to perpetrate the conduct alleged herein.

9. Herein, "Conseco policy" refers to a policy, provided, owned, written or administered directly or indirectly in whole or part by Conseco, under which Conseco is responsible to pay valid claims for insureds' medical expenses or other expenses within the rubric of health care or long-term care.

## SUBSTANTIVE ALLEGATIONS

10. At all relevant times, Plaintiff Sheldon Langendorf contracted with Conseco to receive health insurance. Plaintiffs have paid premiums in accordance with, and performed all obligations required of them pursuant to, their Conseco policy, in which they are named as insureds. Plaintiffs' Conseco policy requires Conseco to pay benefits directly to Plaintiffs.

11. Between 2004 and 2007, Plaintiffs submitted numerous claims for reimbursement and/or payment of medical expenses by third-party health care providers, for medical treatment, services and/or expenses for which they were billed and/or paid.

12. Conseco has systematically declined to pay Plaintiffs benefits for claims they have each submitted totaling several thousands of dollars, despite the fact that Plaintiffs have repeatedly provided Defendant with documentation of claims in the form of Medicare verifications—e.g., Medical Summary Notices or explanations of benefits

3

authored by Medicare–setting forth the date and place of service, amounts due, procedures performed, and diagnosis codes.

13.     Defendants, however, have per their routine practice studiously failed to pay Plaintiffs' claims on grounds that such documentation–albeit verified by Medicare–is inadequate proof of Plaintiffs' losses. There is no valid reason for such conduct, which is designed solely to limit Defendants' claims pay-outs.

14.     For example, as part of its scheme to not pay claims, Conseco issued form letters to Plaintiffs and other insureds requesting additional proof of loss, i.e., health care provider bills on provider letterhead listing itemized diagnosis codes for treatment rendered. However, the Medicare Summary Notice/Medicare-authored explanation of benefits that Plaintiffs and other insureds have submitted to Conseco as proof of loss provides just that and more – i.e., an itemization of treatments with diagnosis codes, along with dates of service, provider name and address, amounts charged by the provider, and amounts approved by Medicare – yet Conseco will not accept such documentation as proof of loss.

15.     To suit their purposes, Defendants claim that Medicare verifications are not good enough documentation of proof of Plaintiffs' and the Class members' claims for benefits. However, Defendants themselves provide and administer a Medicare Supplement Policy, under which they expressly *require* completed claim forms to include a copy of a *Medicare* verification or explanation of benefits. In other words, Medicare verifications are good enough verification of a claim for some of Defendants' insurance policies, but Defendants capriciously reverse course and reject such proof of Plaintiffs' and the Class members' losses, so Defendants do not have to pay.

4

16.    Moreover, on information and belief, actual or potential Medicare claims are adequate proof of loss for Conseco to place Medicare as a payee on settlement checks to recover sums for Medicare, when Conseco's insured is a settling third-party tortfeasor. Yet Medicare verifications are puzzlingly inadequate proof of loss when insureds submit a claim that Conseco would otherwise have to pay out of its own pocket.

17.    Conseco and/or its related family entities have only recently come under fire for manufacturing hoops for their insureds to jump through, the ultimate end being to avoid payment of claims; they have been the subject of recent investigation by the U.S. House of Representative Committee on Energy and Commerce with respect to their very such handling of claims; they are under separate investigation by the Congressional Government Accountability Office (GAO) for similar conduct; and according to *The New York Times* (March 2007), they have developed procedures, including requiring receipt of insignificant paperwork, that make it difficult if not impossible for policyholders to get paid. *See* "Congress Putting Long-Term Care Under Scrutiny," *The New York Times* (May 25, 2007).

18.    Data from the National Association of Insurance Commissioners additionally indicates that Conseco received policyholder complaints in a ratio that significantly exceeds Conseco's industry peers.

19.    Thus, like Plaintiffs, other members of the Class have similarly been denied claims due to Conseco's pattern and practice of denying claims when Medicare proofs are provided, under the false pretense of inadequate documentation of proof of loss.

20.    Such conduct is not authorized under Plaintiffs' and the other Class

5

members' insurance policies, and is part of Conseco's scheme to avoid paying claims *en masse* by forcing insureds and policyholders to jump through unnecessary hoops, i.e., by providing more documentation than Conseco reasonably needs to honor a claim.

## FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

21.    Defendants, at relevant times and to date, were aware of the aforementioned facts and complaints about their denial of claims due to their unreasonable demands for additional documentation of proof of a claim.  Defendants intentionally denied claims in this fashion, per their scheme to deny or avoid paying claims and pad their profits.  Defendants concealed their scheme from Plaintiffs and the Class and intended that they rely on said concealment at all relevant times.

22.    Nor could Plaintiffs and other members of the Class have reasonably discovered the aforementioned facts and scheme at an earlier date by the exercise of reasonable due diligence, because of the practices employed by Defendants to avoid detection of, and to fraudulently conceal, the aforementioned facts regarding the aforementioned claims denial practices. Indeed, until Plaintiffs' or other Class members' claims are delayed or denied for failure to submit documentation of proof of a claim – even after they submitted such documentation by way of Medicare verifications of their claims – they could not have known of the Defendants' aforementioned practice.

23.    Defendants' scheme is, by its very nature self-concealing. As a result of Defendants' fraudulent and inequitable conduct, applicable statutes of limitations governing Plaintiffs' and the Class members' rights of action have been tolled.

6

## CLASS ALLEGATIONS

24.    Plaintiffs bring this action on behalf of themselves and the following Classes[1] of similarly situated individuals and entities:

> Medicare Bill Class:
>
> All policyholders of a Conseco policy throughout the United States, who submitted Medicare documentation of a claim, but whose claim Conseco did not pay under the pretense of needing additional documentation from the health care provider.
>
> Policy Class:
>
> All persons at least sixty-five years of age who are present policyholders and/or insureds of a Conseco policy that requires "proof of loss" to submit a claim.

25.    Excluded from the Classes are employees, officers, directors, and sales representatives of any Defendant, Plaintiffs' counsel, and any member of the judiciary before whom this action is pending.

26.    Plaintiffs believe that each Class includes at least hundreds of members. The members of each Class are so numerous that joinder of all members is impracticable.

27.    Conseco's herein alleged conduct is generally applicable to Plaintiffs and the Class. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting individual members of the Class. Common questions include:

---

[1] For simplicity's sake, references to the "Class" or "Class members," unless expressly stated otherwise, are to both Classes or members of both Classes.

    (a)    Whether or not Conseco did not pay claims, made by Plaintiffs and members of the Medicare Bill Class, purportedly due to failure to provide Conseco with adequate documentation of proof of their loss;

    (b)    Whether or not Conseco breached its insurance policies by failing to pay claims due to inadequate proof of loss, upon receipt of a Medicare verification of the claim;

    ( c )    Whether or not Defendants schemed to deny claims by requiring Plaintiffs and the Class to produce unreasonable documentation of proof of a loss;

    (d)    Whether or not Plaintiffs and the Class members' insurance policies permit them to submit a Medicare verifications as adequate documentation of proof of loss.

28.    Plaintiffs will fairly and adequately protect the interests of the Class members; Plaintiffs have retained counsel competent and experienced in class action litigation; and Plaintiffs have no interests antagonistic to those of the Class members.

29.    A class action is a superior method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Classes is impracticable, and many Class members cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions against the Defendant corporations.

## COUNT I

## BREACH OF CONTRACT

30.    Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

31.    Plaintiffs and the Class accepted Defendants' offer to enter into valid and enforceable insurance contracts that provide benefits in connection with medical expenses, or other health or long-term care, (i.e., the Conseco policies), and which provide that the insured must provide written "proof of loss" to receive payment on a claim.

32.    At all relevant times, Plaintiffs and the Class members timely fulfilled their obligations and paid policy premiums required per their insurance policies.

33.    Plaintiffs and other Medicare Bill Class members submitted valid claims to Conseco including documentation of proof of their claims in the form of Medicare-authored verifications (e.g., a Medicare Summary Notice) of their claimed medical expenses.

34.    The Conseco policies do not require Plaintiffs and the Class to submit "proof of loss" in a particular fashion or in the form of a health care provider's bill, on the provider's stationery, with the provider's signature and/or with any particular itemizations on the bill.  Nor do the policies specifically authorize or address Conseco's practice of refusing to honor claims on grounds that a Medicare verification is inadequate proof of loss.

35.    Conseco, by failing to pay and by denying and/or indefinitely delaying Plaintiffs' and other Medicare Bill Class members' claims under the pretense of requiring

9

additional documentation of proof of loss, and/or by failing to accept Medicare verifications as documentation of proof of loss, breached their insurance contracts, and their implied duties of good faith and fair dealing that are part of the contracts, with Plaintiffs and the Class.

36.    Moreover, by instituting the aforesaid claims denial/delay practice, Conseco has breached its contracts with all of the Class Members, including members of the Policy Class.

37.    As a result, Plaintiffs and the Class members are damaged.  For example, their claims were not paid (i.e., denied and/or perpetually delayed) and/or they paid premiums for Conseco insurance policies that have a lesser market value than like policies have absent Conseco's aforementioned practice and scheme of avoiding pay-outs.

## COUNT II

## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT AND SIMILAR STATE STATUTES

38.    Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

39.    Plaintiffs request relief pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS § 505 *et. al*, and similar state consumer protection statutes, which prohibit false, deceptive, misleading, and unfair acts or practices, including, *e.g.,* the "misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS § 505/2.

10

40.    At all relevant times, Conseco has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification.

41.    By concealing and failing to disclose the aforementioned material facts and scheme at all relevant times, *e.g.,* at the time Plaintiffs and the Class members purchased a Conseco policy and/or at the time Plaintiffs and Conseco communicated regarding the unpaid claims, Conseco proximately caused damages to Plaintiffs and the Class.

42.    Conseco reasonably knew and intended that Plaintiffs and the Class members would rely on its concealment of its scheme and its letters requesting additional proof of loss, which Conseco enacted and perpetuates to reduce its pay-outs to insureds.

43.    Defendants' acts, omissions and concealments as described herein are material facts within the meaning of the ICFA and similar state statutes. For example, had Plaintiffs and the Class members known of these wrongful practices, they would have never have purchased Defendants' Conseco policies.

44.    Defendants, by concealing from Plaintiffs and the Class members the material facts alleged above, engaged in deceptive, misleading and unlawful business practices within the meaning of the ICFA and similar state statutes.

45.    Defendants' aforementioned conduct, individually and in concert as alleged above, is also unfair in violation of the ICFA and similar state statutes, in that Defendants' conduct offends public policy, is immoral, unethical, oppressive, unjust,

unconscionable and unscrupulous, violates public policy and caused and continues to cause substantial economic injury to Plaintiffs and the Class.

46.     Defendants, as a direct result of their unscrupulous conduct, have withheld well in excess of ten thousand dollars in pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy.

47.     As a proximate result of Defendants' above-described practices and unfair conduct, which the Defendants have intentionally perpetrated individually and in concert, with reckless disregard for the consequences to their insureds, Plaintiffs and the Class were damaged in an amount to be proven at trial.

## COUNT III

## DECLARATORY JUDGMENT

48.     Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

49.     Plaintiffs and other Class members have substantial legal interests in claims which Defendants have denied (or perpetually delayed) and in sums which Defendants have withheld by virtue of requiring additional documentation to process claims, after receipt of a Medicare verification.

50.     Plaintiffs and the Class members have substantial legal interests in the subject matter of this action, in the Court's declaration of their rights and in Defendants' obligations pursuant to the Conseco policies, and substantial legal interests in whether the Conseco policies prohibit/authorize Defendants' policy and practice of rejecting Medicare verifications as inadequate documentation of proof of loss.

51.    Defendants have interests adverse to Plaintiffs and the Class members, in that, due to their conduct alleged herein the Defendants benefitted at the expense of Plaintiffs and the Class; and Defendants have steadfastly informed Plaintiffs that Medicare verifications will not suffice as documentation of proof of a claim.

52.    An actual case or controversy exists between Plaintiffs and the Class, and Defendants, due to the fact that, as alleged, Plaintiffs and other Class members pay premiums on Conseco policies, are entitled to have their claims paid, are entitled to have their insurance policies honored without having to jump through unreasonable hoops per Defendants' scheme to reduce pay-outs, entitled to the full value of the Conseco policy promised for premiums paid, are entitled to a declaration of rights with respect to same, and are likely enough to submit claims where the issue presented in this case arises.

53.    Defendants are unjustly enriched by the sums that they have withheld from Plaintiffs and the Medicare Bill Class, because they have unjustly retained monies, or portions thereof, that are due and owing to such insureds and policyholders who have submitted Medicare verifications of their valid claims; and Defendants' retention of such sums violate principles of justice and equity.

54.    Defendants' conduct is also and/or alternatively unlawful for all of the reasons stated in Counts I and II above.

55.    The Court can resolve this dispute by declaring the parties' relevant rights and obligations, including a declaration that Conseco may not reject a proper Medicare verification as inadequate documentation of proof of loss, pursuant to Plaintiffs' and the Class members' Conseco policies and public policy.

56.    Plaintiffs additionally request that the Court enjoin Defendants from

13

continuing to fail to pay Conseco policy claims purportedly because a claimant's Medicare verification is inadequate proof of loss. There is quite simply no other adequate remedy at law for such relief, because absent such relief Plaintiffs and the Class members will be irreparably harmed and injured.

57.     Plaintiffs' request for injunctive relief is likely to succeed on the merits, as Defendants' conduct is illegal, immoral and unconscionable. In balancing the hardships between the interests of the insureds and policyholders, and Conseco, Plaintiffs and the Class members will incur substantial irreparable harm and injury without injunctive relief as alleged herein, as opposed to any detriment incurred by Conseco if an injunction is issued.

58.     Defendants should account for all Class members' claims, premiums, and/or portions thereof improperly collected and withheld as alleged herein, and should have a constructive trust imposed on said sums until further order of Court. Plaintiffs request that the constructive trust be established for purposes of providing restitution and/or distributing monies rightfully due to Plaintiffs and other Class members arising out of Conseco's above-described inequitable conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the judgment and relief as follows:

A.     An order certifying each of the Classes as defined above and appointing Plaintiffs as representatives of the Classes and Plaintiffs' counsel as class counsel;

B.     A finding that Defendants, by virtue of their aforementioned conduct, have breached their contracts with Plaintiffs and the Class

14

and are in violation of the Illinois Consumer Fraud Act and similar state statutes;

C.    Judgment in favor of Plaintiffs and the Class and against the Defendants on all causes of action;

D.    A declaration of Defendants' obligations and Plaintiffs' and Class members' rights pursuant to the Conseco policies at issue, specifically, e.g., that Medicare verifications constitute sufficient documentation of proof of loss, and/or that Defendants' policy or practice of failing to pay claims on grounds that Medicare verifications are insufficient documentation of proof of loss, is unlawful;

E.    An injunction preventing Defendants from refusing to pay claims made pursuant to Plaintiffs' and the Class members' insurance policies on grounds that a Medicare verification is insufficient documentation of proof of loss;

F.    An award of monetary damages to Plaintiffs and the Class members, including interest and punitive damages as appropriate, together with reasonable attorney's fees and costs;

G.    An Order requiring Defendants to account for all Class members' claims, premiums, and/or portions thereof improperly collected or withheld, and imposing a constructive trust on said sums until further order of the Court; and

H.    Such other relief that the Court deems proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims and issues herein so triable.

Sheldon Langendorf and Estelle Langendorf, individually and on behalf of all others similarly situated,

By: _____
        Counsel for Plaintiffs

Larry D. Drury
Ilan Chorowsky
**Larry D. Drury, Ltd.**
205 W. Randolph Street, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

16

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELDON LANGENDORF and ESTELLE )
LANGENDORF, individually and On Behalf )
of All Others Similarly Situated, )
                                        )
               **Plaintiffs,** )
                                          )
**v.**                                     )
                                          )
**CONSECO SENIOR HEALTH** )
**INSURANCE COMPANY and CONSECO,** )
**INC., and DOES 1-20** )
                                        )
             **Defendants.** )

08CV3914
JUDGE CASTILLO
MAGISTRATE JUDGE ASHMAN

AEE
  **CIVIL ACTION NO.**

_____

### AFFIDAVIT OF KATHY SCHLUDECKER

Kathy Schludecker, being duly sworn, deposes and says:

1.    My name is Kathy Schludecker.  I am a resident of Indiana.  I am over twenty-one (21) years of age, am of sound mind, and am competent to make this declaration.

2.    I am a Long-term Care Risk Management Analyst for Conseco Services, LLC ("Conseco Services").  In my position as Long-term Care Risk Management Analyst, I provide services to Conseco Senior Health Insurance Company ("Conseco Senior").  I am familiar with how Conseco Senior maintains records, including electronic records, of the insurance policies it issues.

3.    In preparing this affidavit, I have reviewed electronic information contained in Conseco Senior's policy database.  This affidavit is based upon my personal knowledge and my review of Conseco Senior's electronic records regarding this matter.

1

4.      As of December 31, 2007, there were approximately 148,880 Conseco Senior long-term care policies in effect.

5.      The average monthly claims payment for a Conseco Senior long-term care policy is $3,000.

Further affiant sayeth not.

_Kathy Schludecker_
Kathy Schludecker

Executed on this 7th day of July, 2008

Sworn to and subscribed before me on this the 7th day of July, 2008.



[NOTARIAL SEAL]

_Rita L. Mennen_
Notary Public
My Commission expires: 5.1.2016

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHELDON LANGENDORF and ESTELLE )
LANGENDORF, individually and On Behalf )
of All Others Similarly Situated, )
   )
        Plaintiffs, )
   )
v. )
   )
CONSECO SENIOR HEALTH )
INSURANCE COMPANY and CONSECO, )
INC., and DOES 1-20 )
   )
        Defendants. )

08CV3914
JUDGE CASTILLO
MAGISTRATE JUDGE ASHMAN

AEE
    CIVIL ACTION NO.

_____

## AFFIDAVIT OF YADWIGA DUNCAN

Yadwiga Duncan, being duly sworn, deposes and says:

1.    My name is Yadwiga Duncan.  I am a resident of Indiana.  I am over twenty-one (21) years of age, am of sound mind, and am competent to make this declaration.

2.    I am a Claim Legal Interface Coordinator  for Conseco Services, LLC ("Conseco Services").  In my position as Claim Legal Interface Coordinator , I provide services to Conseco Senior Health Insurance Company ("Conseco Senior").  I am familiar with how Conseco Senior maintains records, including electronic records, of the insurance policies it issues.

3.    In preparing this affidavit, I have reviewed electronic information contained in Conseco Senior's policy database.  This affidavit is based upon my personal knowledge and my review of Conseco Senior's electronic records regarding this matter.

4.    As of December 31, 2007, there were approximately 1,300 Conseco Senior hospital indemnity policies in effect.

5.    The average monthly claims payment for a Conseco Senior hospital indemnity policy is $171.00.

Further affiant sayeth not.

_Yadwiga Duncan_
Yadwiga Duncan

Executed on this 7th day of July, 2008

Sworn to and subscribed before me on this the 7th day of July, 2008.

_Rita L. Mennen_
Notary Public
My Commission expires:

[NOTARIAL SEAL]