**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and On Behalf of All Others Similarly Situated,**   ) ) ) ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiffs,**   ) ) | **08 CV 3914** |
| **v.**   ) ) | **Judge Ruben Castillo** |
| **CONSECO SENIOR HEALTH INSURANCE COMPANY and CONSECO, INC., and DOES 1-20,**   ) ) ) ) | **Magistrate Judge Martin C. Ashman** |
| **Defendants.**   ) | |

**DEFENDANT CONSECO SENIOR HEALTH INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**COMES NOW** Defendant Conseco Senior Health Insurance Company ("Conseco Senior" or "Defendant"), and hereby responds to Plaintiffs' Class Action Complaint as follows:

## CLASS ACTION COMPLAINT

In response to Plaintiffs' introductory, unnumbered paragraph, Defendant denies that Plaintiffs are entitled to bring this action on behalf of "all others similarly situated". Defendant further denies it is liable for any cause of action asserted against it.

1.     This case seeks relief for Plaintiffs and scores of other persons insured by Conseco whose health insurance claims were denied due to Conseco's scheme of dishonoring valid claims under the fabricated pretense of not receiving proper documentation of proof of the claim. By virtue of this unlawful claims denial practice, Conseco has preyed on its insureds to pad its hefty profits.

**ANSWER:**    Defendant admits that Plaintiffs seek to assert a class action against it. Defendant denies that class action treatment is proper in this action.  Defendant further denies that it committed any wrongful acts as alleged by Plaintiffs.  Defendant denies the remaining allegations contained in paragraph 1.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction in this case pursuant to 725 ILCS 5/2-209, in that the Defendants have transacted business and committed acts relating to the matters complained of herein in this State.

**ANSWER:**    Defendant admits that federal jurisdiction is proper.  Defendant further admits that it has transacted business in Illinois.  Defendant denies the remaining allegations contained in paragraph 2.

3.    Cook County is a proper venue for this action pursuant 735 ILCS 5/2-101 and/or 5/2-102, in that the transaction or some part thereof out of which this cause of action arose occurred within Cook County, and because the Defendant is authorized to transact business in Illinois and regularly does business in Cook County.

**ANSWER:**    Defendant admits that venue is properly laid in the United States District Court for the Northern District of Illinois.  Defendant further admits that it is authorized to transact business in Illinois and that it does business in Cook County.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning where the transaction at issue or some part thereof occurred and, therefore, denies them. Defendant denies the remaining allegations contained in paragraph 3.

## PARTIES

4.     Plaintiffs, Sheldon and Estelle Langendorf, at all relevant times were and/or continue to be insured by Sheldon Langendorf's Conseco health insurance policy; submitted claims pursuant to said policy; and their claims were not paid or were denied by Conseco purportedly for failure to submit sufficient documentation in support of said claims.

**ANSWER:**     Defendant admits that Plaintiffs are insured by a health insurance policy issued by American Travellers Life Insurance Company, which later changed its name to Conseco Senior Health Insurance Company.  Defendant denies the remaining allegations contained in paragraph 4.

5.     Conseco Senior Health Insurance Company is an insurance company incorporated under the laws of Pennsylvania, with offices in Indiana, and does business in Illinois.

**ANSWER:**     Defendant admits the allegations contained in paragraph 5.

6.     Conseco, Inc., a Delaware corporation incorporated under the laws of Delaware and with principle [*sic*] offices in Indiana, is the parent company for Conseco Senior Health Insurance Company and the rest of its group of insurance companies that operate throughout the United States under the "Conseco" brand and name.

**ANSWER:**     Defendant admits that Conseco, Inc. is Defendant's ultimate parent company.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and, therefore, denies them.

7.     Doe Defendants 1-20 are entities related or affiliated with Conseco Senior Health Insurance Company or Conseco, Inc., who are liable in whole or part for the conduct herein alleged.  If appropriate, Plaintiffs will amend the Complaint to bring claims against such parties after their identities have been ascertained.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies them.

8.    The allegations herein with respect to Conseco are inclusive of Conseco Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20, which participated, combined and conspired to perpetrate the conduct alleged herein.

**ANSWER:**    Defendant denies the allegations contained in paragraph 8.

9.    Herein, "Conseco policy" refers to a policy, provided, owned, written or administered directly or indirectly in whole or part by Conseco, under which Conseco is responsible to pay valid claims for insureds' medical expenses or other expenses within the rubric of health care or long-term care.

**ANSWER:**    Defendant denies the allegations contained in paragraph 9.

## <u>SUBSTANTIVE ALLEGATIONS</u>

10.    At all relevant times, Plaintiff Sheldon Langendorf contracted with Conseco to receive health insurance.  Plaintiffs have paid premiums in accordance with, and performed all obligations required of them pursuant to, their Conseco policy, in which they are named as insureds.  Plaintiffs' Conseco policy requires Conseco to pay benefits directly to Plaintiffs.

**ANSWER:**    Defendant admits that its predecessor in interest, American Travellers Life Insurance Company, issued a health insurance policy to Sheldon Langendorf.  Defendant states that the terms of the policy speak for themselves.  Defendant denies the remaining allegations contained in paragraph 10.

11.    Between 2004 and 2007, Plaintiffs submitted numerous claims for reimbursement and/or payment of medical expenses by third-party health care providers, for medical treatment, services and/or expenses for which they were billed and/or paid.

**ANSWER:**    Defendant admits that Plaintiff submitted claims to Defendant between 2004 and 2007.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and, therefore, denies them.

12.    Conseco has systematically declined to pay Plaintiffs benefits for claims they have each submitted totaling several thousands of dollars, despite the fact that Plaintiffs have repeatedly provided Defendant with documentation of claims in the form of Medicare verifications–e.g., Medical Summary Notices or explanations of benefits authored by Medicare–setting forth the date and place of service, amounts due, procedures performed, and diagnosis codes.

**ANSWER:**    Defendant denies the allegations contained in paragraph 12.

13.    Defendants, however, have per their routine practice studiously failed to pay Plaintiffs' claims on grounds that such documentation–albeit verified by Medicare–is inadequate proof of Plaintiffs' losses. There is no valid reason for such conduct, which is designed solely to limit Defendants' claims pay-outs.

**ANSWER:**    Defendant denies the allegations contained in paragraph 13.

14.    For example, as part of its scheme to not pay claims, Conseco issued form letters to Plaintiffs and other insureds requesting additional proof of loss, i.e., health care provider bills on provider letterhead listing itemized diagnosis codes for treatment rendered.  However, the Medicare Summary Notice/Medicare-authored explanation of benefits that Plaintiffs and other insureds have submitted to Conseco as proof of loss provides just that and more – i.e., an itemization of treatments with diagnosis codes, along with dates of service, provider name and address, amounts charged by the provider, and amounts approved by Medicare – yet Conseco will not accept such documentation as proof of loss.

**ANSWER:**    Defendant denies the allegations contained in paragraph 14.

15.    To suit their purposes, Defendants claim that Medicare verifications are not good enough documentation of proof of Plaintiffs' and the Class members' claims for benefits. However, Defendants themselves provide and administer a Medicare Supplement Policy, under which they expressly *require* completed claim forms to include a copy of a *Medicare* verification or explanation of benefits.  In other words, Medicare verifications are good enough verification of a claim for some of Defendants' insurance policies, but Defendants capriciously reverse course and reject such proof of Plaintiffs' and the Class members' losses, so Defendants do not have to pay.

**ANSWER:**    Defendant denies the allegations contained in paragraph 15.

16.    Moreover, on information and belief, actual or potential Medicare claims are adequate proof of loss for Conseco to place Medicare as a payee on settlement checks to recover sums for Medicare, when Conseco's insured is a settling third-party tortfeasor.    Yet Medicare verifications are puzzlingly inadequate proof of loss when insureds submit a claim that Conseco would otherwise have to pay out of its own pocket.

**ANSWER:**    Defendant denies the allegations contained in paragraph 16.

17.    Conseco and/or its related family entities have only recently come under fire for manufacturing hoops for their insureds to jump through, the ultimate end being to avoid payment of claims; they have been the subject of recent investigation by the U.S. House of Representative Committee on Energy and Commerce with respect to their very such handling of claims; they are under separate investigation by the Congressional Government Accountability Office (GAO) for similar conduct; and according to *The New York Times* (March 2007), they have developed procedures, including requiring receipt of insignificant paperwork, that make it difficult if not

impossible for policyholders to get paid. *See* "Congress Putting Long-Term Care Under Scrutiny," *The New York Times* (May 25, 2007).

     **ANSWER:**    Defendant denies the allegations of paragraph 17.

     18.    Data from the National Association of Insurance Commissioners additionally indicates that Conseco received policyholder complaints in a ratio that significantly exceeds Conseco's industry peers.

     **ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies them.

     19.    Thus, like Plaintiffs, other members of the Class have similarly been denied claims due to Conseco's pattern and practice of denying claims when Medicare proofs are provided, under the false pretense of inadequate documentation of proof of loss.

     **ANSWER:**    Defendant denies the allegations contained in paragraph 19.

     20.    Such conduct is not authorized under Plaintiffs' and the other Class members' insurance policies, and is part of Conseco's scheme to avoid paying claims *en masse* by forcing insureds and policyholders to jump through unnecessary hoops, i.e., by providing more documentation than Conseco reasonably needs to honor a claim.

     **ANSWER:**    Defendant denies the allegations contained in paragraph 20.

## FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

     21.    Defendants, at relevant times and to date, were aware of the aforementioned facts and complaints about their denial of claims due to their unreasonable demands for additional documentation of proof of a claim. Defendants intentionally denied claims in this fashion, per their scheme to deny or avoid paying claims

and pad their profits. Defendants concealed their scheme from Plaintiffs and the Class and intended that they rely on said concealment at all relevant times.

     **ANSWER:**   Defendant denies the allegations contained in paragraph 21.

     22.     Nor could Plaintiffs and other members of the Class have reasonably discovered the aforementioned facts and scheme at an earlier date by the exercise of reasonable due diligence, because of the practices employed by Defendants to avoid detection of, and to fraudulently conceal, the aforementioned facts regarding the aforementioned claims denial practices.  Indeed, until Plaintiffs' or other Class members' claims are delayed or denied for failure to submit documentation of proof of a claim – even after they submitted such documentation by way of Medicare verifications of their claims – they could not have known of the Defendants' aforementioned practice.

     **ANSWER:**   Defendant denies the allegations contained in paragraph 22.

     23.     Defendants' scheme is, by its very nature self-concealing. As a result of Defendants' fraudulent and inequitable conduct, applicable statutes of limitations governing Plaintiffs' and the Class members' rights of action have been tolled.

     **ANSWER:**   Defendant denies the allegations contained in paragraph 23.

## CLASS ALLEGATIONS

     24.     Plaintiffs bring this action on behalf of themselves and the following Classes[1] of similarly situated individuals and entities:

Medicare Bill Class:

All policyholders of a Conseco policy throughout the United States, who submitted Medicare documentation of a claim, but whose claim Conseco

---

[1]  For simplicity's sake, references to the "Class" or "Class members," unless expressly stated otherwise, are to both Classes or members of both Classes.

did not pay under the pretense of needing additional documentation from the health care provider.

Policy Class:

All persons at least sixty-five years of age who are present policyholders and/or insureds of a Conseco policy that requires "proof of loss" to submit a claim.

**ANSWER:**    Defendant admits that Plaintiffs seek to bring this action on behalf of the putative classes set forth in paragraph 24.  Defendant denies that Plaintiffs are proper class representatives and that class action treatment is proper in this action.  Defendant further denies that it committed any wrongful acts as alleged by Plaintiffs.  Defendant denies the remaining allegations contained in paragraph 24.

25.    Excluded from the Classes are employees, officers, directors, and sales representatives of any Defendant, Plaintiffs' counsel, and any member of the judiciary before whom this action is pending.

**ANSWER:**    Defendant denies that class action treatment is proper in this action.

26.    Plaintiffs believe that each Class includes at least hundreds of members. The members of each Class are so numerous that joinder of all members is impracticable.

**ANSWER:**    Defendant admits that there would be at least hundreds of members in each class Plaintiffs claim should be certified; however Defendant denies that class action treatment is proper in this action.

27.    Conseco's herein alleged conduct is generally applicable to Plaintiffs and the Class.  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting individual members of the Class.  Common questions include:

(a)     Whether or not Conseco did not pay claims, made by Plaintiffs and members of the Medicare Bill Class, purportedly due to failure to provide Conseco with adequate documentation of proof of their loss;

(b)     Whether or not Conseco breached its insurance policies by failing to pay claims due to inadequate proof of loss, upon receipt of a Medicare verification of the claim;

(c)     Whether or not Defendants schemed to deny claims by requiring Plaintiffs and the Class to produce unreasonable documentation of proof of a loss;

(d)     Whether or not Plaintiffs and the Class members' insurance policies permit them to submit a Medicare verifications as adequate documentation of proof of loss

**ANSWER:**    Defendant denies the allegations contained in paragraph 27, including subparagraphs (a) through (d).

28.    Plaintiffs will fairly and adequately protect the interests of the Class members; Plaintiffs have retained counsel competent and experienced in class action litigation; and Plaintiffs have no interests antagonistic to those of the Class members.

**ANSWER:**    Defendant denies the allegations contained in paragraph 28.

29.    A class action is a superior method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Classes is impracticable, and many Class members cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions against the Defendant corporations.

**ANSWER:**    Defendant denies the allegations contained in paragraph 29.

## COUNT I

## BREACH OF CONTRACT

30.     Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

**ANSWER:**    In response to paragraph 30, Defendant incorporates its responses to the previous allegations as if set forth fully herein.

31.     Plaintiffs and the Class accepted Defendants' offer to enter into valid and enforceable insurance contracts that provide benefits in connection with medical expenses, or other health or long-term care, (i.e., the Conseco policies), and which provide that the insured must provide written "proof of loss" to receive payment on a claim.

**ANSWER:**    Defendant states that the terms of each policy speak for themselves. Defendant denies the remaining allegations contained in paragraph 31.

32.     At all relevant times, Plaintiffs and the Class members timely fulfilled their obligations and paid policy premiums required per their insurance policies.

**ANSWER:**    Defendant denies the allegations contained in paragraph 32.

33.     Plaintiffs and other Medicare Bill Class members submitted valid claims to Conseco including documentation of proof of their claims in the form of Medicare-authored verifications (e.g., a Medicare Summary Notice) of their claimed medical expenses.

**ANSWER:**    Defendant denies the allegations contained in paragraph 33.

34.     The Conseco policies do not require Plaintiffs and the Class to submit "proof of loss" in a particular fashion or in the form of a health care provider's bill, on the provider's stationery, with the provider's signature and/or with any particular itemizations on the bill.

Nor do the policies specifically authorize or address Conseco's practice of refusing to honor claims on grounds that a Medicare verification is inadequate proof of loss.

**ANSWER:**    Defendant states that the terms of the policies speak for themselves. Defendant denies the remaining allegations contained in paragraph 34.

35.    Conseco, by failing to pay and by denying and/or indefinitely delaying Plaintiffs' and other Medicare Bill Class members' claims under the pretense of requiring additional documentation of proof of loss, and/or by failing to accept Medicare verification as documentation of proof of loss, breached their insurance contracts, and their implied duties of good faith and fair dealing that are part of the contracts, with Plaintiffs and the Class

**ANSWER:**    Defendant denies the allegations contained in paragraph 35.

36.    Moreover, by instituting the aforesaid claims denial/delay practice, Conseco has breached its contracts with all of the Class Members, including members of the Policy Class.

**ANSWER:**    Defendant denies the allegations contained in paragraph 36.

37.    As a result, Plaintiffs and the Class members are damaged.  For example, their claims were not paid (i.e., denied and/or perpetually delayed) and/or they paid premiums for Conseco insurance policies that have a lesser market value than like policies have absent Conseco's aforementioned practice and scheme of avoiding payouts.

**ANSWER:**    Defendant denies the allegations contained in paragraph 37.

## COUNT II

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT AND SIMILAR STATE STATUTES

38.     Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

**ANSWER:**     In response to paragraph 38, Defendant incorporates its responses to the previous allegations as if set forth fully herein.

39.     Plaintiffs request relief pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS § 505 *et. al,* and similar state consumer protection statutes, which prohibit false, deceptive, misleading, and unfair acts or practices, including, e.g., the "misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS § 505/2.

**ANSWER:**     Defendant denies the allegations contained in paragraph 39.

40.     At all relevant times, Conseco has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification.

**ANSWER:**     Defendant denies the allegations contained in paragraph 40.

41.     By concealing and failing to disclose the aforementioned material facts and scheme at all relevant times, e.g., at the time Plaintiffs and the Class members purchased a Conseco policy and/or at the time Plaintiffs and Conseco communicated regarding the unpaid claims, Conseco proximately caused damages to Plaintiffs and the Class.

**ANSWER:**    Defendant denies the allegations contained in paragraph 41.

42.    Conseco reasonably knew and intended that Plaintiffs and the Class members would rely on its concealment of its scheme and its letters requesting additional proof of loss, which Conseco enacted and perpetuates to reduce its pay-outs to insureds.

**ANSWER:**    Defendant denies the allegations contained in paragraph 42.

43.    Defendants' acts, omissions and concealments as described herein are material facts within the meaning of the ICFA and similar state statutes.  For example, had Plaintiffs and the Class members known of these wrongful practices, they would have never have [*sic*] purchased Defendants' Conseco policies.

**ANSWER:**    Defendant denies the allegations contained in paragraph 43.

44.    Defendants, by concealing from Plaintiffs and the Class members the material facts alleged above, engaged in deceptive, misleading and unlawful business practices within the meaning of the ICFA and similar state statutes.

**ANSWER:**    Defendant denies the allegations contained in paragraph 44.

45.    Defendants' aforementioned conduct, individually and in concert as alleged above, is also unfair in violation of the ICFA and similar state statutes, in that Defendants' conduct offends public policy, is immoral, unethical, oppressive, unjust, unconscionable and unscrupulous, violates public policy and caused and continues to cause substantial economic injury to Plaintiffs and the Class.

**ANSWER:**    Defendant denies the allegations contained in paragraph 45.

46.    Defendants, as a direct result of their unscrupulous conduct, have withheld well in excess of ten thousand dollars in pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy.

**ANSWER:**     Defendant denies the allegations contained in paragraph 46.

47.     As a proximate result of Defendants' above-described practices and unfair conduct, which the Defendants have intentionally perpetrated individually and in concert, with reckless disregard for the consequences to their insureds, Plaintiffs and the Class were damaged in an amount to be proven at trial.

**ANSWER:**     Defendant denies the allegations contained in paragraph 47.

## COUNT III

## DECLARATORY JUDGMENT

48.     Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

**ANSWER:**     In response to paragraph 48, Defendant incorporates its responses to the previous allegations as if set forth fully herein.

49.     Plaintiffs and other Class members have substantial legal interests in claims which Defendants have denied (or perpetually delayed) and in sums which Defendants have withheld by virtue of requiring additional documentation to process claims, after receipt of a Medicare verification.

**ANSWER:**     Defendant denies the allegations contained in paragraph 49.

50.     Plaintiffs and the Class members have substantial legal interests in the subject matter of this action, in the Court's declaration of their rights and in Defendants' obligations pursuant to the Conseco policies, and substantial legal interests in whether the Conseco policies prohibit/authorize Defendants' policy and practice of rejecting Medicare verifications as inadequate documentation of proof of loss.

**ANSWER:**     Defendant denies the allegations contained in paragraph 50.

51.     Defendants have interests adverse to Plaintiffs and the Class members, in that, due to their conduct alleged herein the Defendants benefitted at the expense of Plaintiffs and the Class; and Defendants have steadfastly informed Plaintiffs that Medicare verifications will not suffice as documentation of proof of a claim.

**ANSWER:**     Defendant denies the allegations contained in paragraph 51.

52.     An actual case or controversy exists between Plaintiffs and the Class, and Defendants, due to the fact that, as alleged, Plaintiffs and other Class members pay premiums on Conseco policies, are entitled to have their claims paid, are entitled to have their insurance policies honored without having to jump through unreasonable hoops per Defendants' scheme to reduce pay-outs, entitled to the full value of the Conseco policy promised for premiums paid, are entitled to a declaration of rights with respect to same, and are likely enough to submit claims where the issue presented in this case arises.

**ANSWER:**     Defendant denies the allegations contained in paragraph 52.

53.     Defendants are unjustly enriched by the sums that they have withheld from Plaintiffs and the Medicare Bill Class, because they have unjustly retained monies, or portions thereof, that are due and owing to such insureds and policyholders who have submitted Medicare verifications of their valid claims; and Defendants' retention of such sums violate principles of justice and equity.

**ANSWER:**     Defendant denies the allegations contained in paragraph 53.

54.     Defendants' conduct is also and/or alternatively unlawful for all of the reasons stated in Counts I and II above.

**ANSWER:**     Defendant denies the allegations contained in paragraph 54.

55.     The Court can resolve this dispute by declaring the parties' relevant rights and obligations, including a declaration that Conseco may not reject a proper Medicare verification as inadequate documentation of proof of loss, pursuant to Plaintiffs' and the Class members' Conseco policies and public policy.

**ANSWER:**     Defendant denies the allegations contained in paragraph 55.

56.     Plaintiffs additionally request that the Court enjoin Defendants from continuing to fail to pay Conseco policy claims purportedly because a claimant's Medicare verification is inadequate proof of loss.  There is quite simply no other adequate remedy at law for such relief, because absent such relief Plaintiffs and the Class members will be irreparably harmed and injured.

**ANSWER:**     Defendant denies the allegations contained in paragraph 56.

57.     Plaintiffs' request for injunctive relief is likely to succeed on the merits, as Defendants' conduct is illegal, immoral and unconscionable.  In balancing the hardships between the interests of the insureds and policyholders, and Conseco, Plaintiffs and the Class members will incur substantial irreparable harm and injury without injunctive relief as alleged herein, as opposed to any detriment incurred by Conseco if an injunction is issued.

**ANSWER:**     Defendant denies the allegations contained in paragraph 57.

58.     Defendants should account for all Class members' claims, premiums, and/or portions thereof improperly collected and withheld as alleged herein, and should have a constructive trust imposed on said sums until further order of Court.  Plaintiffs request that the constructive trust be established for purposes of providing restitution and/or distributing

monies rightfully due to Plaintiffs and other Class members arising out of Conseco's above-described inequitable conduct.

**ANSWER:**     Defendant denies the allegations contained in paragraph 58.

## **PRAYER FOR RELIEF**

As a result of the above allegations, Plaintiffs request the following relief:

a.     An order certifying each of the Classes as defined above and appointing Plaintiffs as representatives of the Classes and Plaintiffs' counsel as class counsel;

b.     A finding that Defendants, by virtue of their aforementioned conduct, have breached their contracts with Plaintiffs and the Class and are in violation of the Illinois Consumer Fraud Act and similar state statutes;

c.     Judgment in favor of Plaintiffs and the Class and against the Defendants on all causes of action;

d.     A declaration of Defendants' obligations and Plaintiffs' and Class members' rights pursuant to the Conseco policies at issue, specifically, e.g., that Medicare verifications constitute sufficient documentation of proof of loss, and/or that Defendants' policy or practice of failing to pay claims on grounds that Medicare verifications are insufficient documentation of proof of loss, is unlawful;

e.     An injunction preventing Defendants from refusing to pay claims made pursuant to Plaintiffs' and the Class members' insurance policies on grounds that a Medicare verification is insufficient documentation of proof of loss;

f.     An award of monetary damages to Plaintiffs and the Class members, including interest and punitive damages as appropriate, together with reasonable attorney's fees and costs;

g.      An Order requiring Defendants to account for all Class members' claims, premiums, and/or portions thereof improperly collected or withheld, and imposing a constructive trust on said sums until further order of the Court; and

h.      Such other relief that the Court deems proper.

**ANSWER:**      Defendant denies that this action can be maintained as a class action and denies that Plaintiff is entitled to any relief, including but not limited to:  any award of compensatory, statutory, special, punitive or other exemplary damages; restitution; constructive trust; declaratory judgment or declaration of rights; injunction or any other relief at law or in equity; interest; expenses; attorneys' fees; and costs.  Defendant denies the remaining allegations contained in Plaintiffs' "Prayer for Relief," including subparagraphs a. through h.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the voluntary payment rule.

## THIRD DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

## FOURTH DEFENSE

The Complaint and each count thereof are barred by the applicable statutes of limitation.

## FIFTH DEFENSE

Plaintiffs have failed to meet the conditions precedent to assert a breach of contract claim against Defendant.

## SIXTH DEFENSE

Plaintiffs' Complaint is barred by failure to plead with the requisite specificity.

## SEVENTH DEFENSE

Defendant avers the affirmative defenses of ratification, release, waiver, laches and unclean hands.

## EIGHTH DEFENSE

Plaintiffs are not entitled to a jury trial on their Illinois Consumer Fraud and Deceptive Business Practices Act claim.

## NINTH DEFENSE

Defendant has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by Plaintiffs are, therefore, preempted under state or federal law, or either of them, including, but not limited to, the Employment Retirement Income Security Act ("ERISA").

## TENTH DEFENSE

Plaintiffs have failed to satisfy the express terms of the contracts between Plaintiffs and Defendant.

## ELEVENTH DEFENSE

The named Plaintiffs' claims are not typical of the claims of the class they seek to represent and they are an inadequate class representatives.

## TWELFTH DEFENSE

Individual questions predominate in this action, thus precluding class certification.

## THIRTEENTH DEFENSE

This action cannot be maintained as a national class action because the Illinois Consumer Fraud and Deceptive Business Practices Act does not govern claims by policyholders who purchased their policies outside of the State of Illinois.

## FOURTEENTH DEFENSE

The requirements of Federal Rule of Civil Procedure 23 cannot be satisfied and, therefore, class action treatment is not proper in this lawsuit.

## FIFTEENTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling of the cases of BMW v. Gore, 517 U.S. 559 (1996), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), or Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

## SIXTEENTH DEFENSE

The United States Constitution does not establish a right to jury trial for punitive damages.  See Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 434 (2001). Therefore, any claim for a jury trial on punitive damages is to be stricken.

## SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages, and any award thereof, would violate the United States Constitution and the Constitutions of the various States.

Defendant reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully Submitted,


s/ Mark B. Ruda
Mark B. Ruda
mruda@condoncook.com

/s/ Bradley S. Levison
Bradley S. Levison
blevison@condoncook.com

Condon & Cook, LLC
745 North Dearborn Street
Chicago, Illinois  60654
Telephone:  (312) 266-1313
Facsimile:  (312) 266-8148

*Attorney for Defendants, Conseco Senior Health Insurance Company and Conseco, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing same in U.S. Mail, postage prepaid and properly addressed, on this the 9th day of July, 2008:

Larry D. Drury, Esq.
Ilan J. Chorowsky, Esq.
Larry D. Drury, Ltd.
205 West Randolph Street
Suite 1430
Chicago, Illinois  60606

s/ Mark B. Ruda
Mark B. Ruda

/s/ Bradley S. Levison
Bradley S. Levison