IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, CONSECO, INC., and DOES 1-20.<br><br>　　　　　　Defendants. | JURY TRIAL DEMANDED<br><br>No.  08 CV 3914<br><br>Honorable Ruben Castillo |

## AMENDED CLASS ACTION COMPLAINT

NOW COME Plaintiffs, Sheldon and Estelle Langendorf, individually and on Behalf of all others similarly situated, by and through their attorneys, Larry D. Drury, Ltd., and, complaining against the Defendants, Conseco Senior Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20, (collectively, "Conseco" or "Defendants"), states as follows, upon personal knowledge as to facts pertaining to Plaintiffs or their counsel, and as to other allegations upon information and belief, following investigation of counsel:

　　1.　　This case seeks relief for Plaintiffs and scores of other persons insured by Conseco whose health insurance claims were denied due to Conseco's scheme of dishonoring valid claims under the fabricated pretense of not receiving proper documentation of proof of the claim.  By virtue of this unlawful claims denial practice, Conseco has preyed on its insureds to pad its hefty profits.

**PARTIES, JURISDICTION AND VENUE**

2.      Based on the Notice of Removal filed in this case, this Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2).

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

4.      Plaintiffs, Sheldon and Estelle Langendorf, at all relevant times were and/or continue to be insured by Sheldon Langendorf's Conseco health insurance policy, submitted claims pursuant to said policy, and their claims were not paid or were denied by Conseco purportedly for failure to submit sufficient documentation in support of said claims.

5.      Conseco Senior Health Insurance Company is an insurance company incorporated under the laws of Pennsylvania, with offices in Indiana, and does business in Illinois.

6.      Conseco, Inc., a Delaware corporation incorporated under the laws of Delaware and with principle offices in Indiana, is the parent company for Conseco Senior Health Insurance Company and the rest of its group of insurance companies that operate throughout the United States under the "Conseco" brand and name.

7.      Doe Defendants 1-20 are entities related or affiliated with Conseco Senior Health Insurance Company or Conseco, Inc., who are liable in whole or part for the conduct herein alleged.  If appropriate, Plaintiffs will amend the Complaint to bring claims against such parties after their identities have been ascertained.

8.      The allegations herein with respect to Conseco are inclusive of Conseco Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20, which participated, combined and conspired to perpetrate the conduct alleged herein.

9. Herein, "Conseco policy" refers to a policy, provided, owned, written or administered directly or indirectly in whole or part by Conseco, under which Conseco is responsible to pay valid claims for insureds' medical expenses or other expenses within the rubric of health care or long-term care.

## SUBSTANTIVE ALLEGATIONS

10. At all relevant times, Plaintiff Sheldon Langendorf contracted with Conseco to receive health insurance. Plaintiffs have paid premiums in accordance with, and performed all obligations required of them pursuant to, their Conseco policy, in which they are named as insureds. Plaintiffs' Conseco policy requires Conseco to pay benefits directly to Plaintiffs.

11. Between 2004 and 2007, Plaintiffs submitted numerous claims for reimbursement and/or payment of medical expenses by third-party health care providers, for medical treatment, services and/or expenses for which they were billed and/or paid.

12. Conseco has systematically declined to pay Plaintiffs benefits for claims they have each submitted totaling several thousands of dollars, despite the fact that Plaintiffs have repeatedly provided Defendant with documentation of claims in the form of Medicare verifications–e.g., Medical Summary Notices or explanations of benefits authored by Medicare–setting forth the date and place of service, amounts due, procedures performed, and diagnosis codes.

13. Defendants, however, have per their routine practice studiously failed to pay Plaintiffs' claims on grounds that such documentation–albeit verified by Medicare–is inadequate proof of Plaintiffs' losses. There is no valid reason for such conduct, which is designed solely to limit Defendants' claims pay-outs.

14. For example, as part of its scheme to not pay claims, Conseco issued form letters to Plaintiffs and other insureds requesting additional proof of loss, i.e., health care provider bills on provider letterhead listing itemized diagnosis codes for treatment rendered. However, the Medicare Summary Notice/Medicare-authored explanation of benefits that Plaintiffs and other insureds have submitted to Conseco as proof of loss provides just that and more – i.e., an itemization of treatments with diagnosis codes, along with dates of service, provider name and address, amounts charged by the provider, and amounts approved by Medicare – yet Conseco will not accept such documentation as proof of loss.

15. To suit their purposes, Defendants claim that Medicare verifications are not good enough documentation of proof of Plaintiffs' and the Class members' claims for benefits. However, Defendants themselves provide and administer a Medicare Supplement Policy, under which they expressly *require* completed claim forms to include a copy of a *Medicare* verification or explanation of benefits. In other words, Medicare verifications are good enough verification of a claim for some of Defendants' insurance policies, but Defendants capriciously reverse course and reject such proof of Plaintiffs' and the Class members' losses, so Defendants do not have to pay.

16. Moreover, on information and belief, actual or potential Medicare claims are adequate proof of loss for Conseco to place Medicare as a payee on settlement checks to recover sums for Medicare, when Conseco's insured is a settling third-party tortfeasor. Yet Medicare verifications are puzzlingly inadequate proof of loss when insureds submit a claim that Conseco would otherwise have to pay out of its own pocket.

17. Conseco and/or its related family entities have only recently come under

fire for manufacturing hoops for their insureds to jump through, the ultimate end being to avoid payment of claims; they have been the subject of recent investigation by the U.S. House of Representatives Committee on Energy and Commerce with respect to their very such handling of claims; they are under separate investigation by the Congressional Government Accountability Office (GAO) for similar conduct; and according to *The New York Times* (March 2007), they have developed procedures, including requiring receipt of insignificant paperwork, that make it difficult if not impossible for policyholders to get paid. *See* "Congress Putting Long-Term Care Under Scrutiny," *The New York Times* (May 25, 2007).

18. Data from the National Association of Insurance Commissioners additionally indicates that Conseco received policyholder complaints in a ratio that significantly exceeds Conseco's industry peers.

19. Thus, like Plaintiffs, other members of the Class have similarly been denied claims due to Conseco's pattern and practice of denying claims when Medicare proofs are provided, under the false pretense of inadequate documentation of proof of loss.

20. Such conduct is not authorized under Plaintiffs' and the other Class members' insurance policies, and is part of Conseco's scheme to avoid paying claims *en masse* by forcing insureds and policyholders to jump through unnecessary hoops, i.e., by providing more documentation than Conseco reasonably needs to honor a claim.

**FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING**

21. Defendants, at relevant times and to date, were aware of the aforementioned facts and complaints about their denial of claims due to their

unreasonable demands for additional documentation of proof of a claim. Defendants intentionally denied claims in this fashion, per their scheme to deny or avoid paying claims and pad their profits. Defendants concealed their scheme from Plaintiffs and the Class and intended that they rely on said concealment at all relevant times.

22. Nor could Plaintiffs and other members of the Class have reasonably discovered the aforementioned facts and scheme at an earlier date by the exercise of reasonable due diligence, because of the practices employed by Defendants to avoid detection of, and to fraudulently conceal, the aforementioned facts regarding the aforementioned claims denial practices. Moreover, until Plaintiffs' or other Class members' claims are delayed or denied for failure to submit documentation of proof of a claim – even after they submitted such documentation by way of Medicare verifications of their claims – they could not have known of the Defendants' aforementioned practice.

23. Defendants' scheme is, by its very nature self-concealing. As a result of Defendants' fraudulent and inequitable conduct, applicable statutes of limitations governing Plaintiffs' and the Class members' rights of action have been tolled.

## CLASS ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(2) and 23(b)(3) on behalf of the following Classes[1] of similarly situated individuals and entities:

**Medicare Bill Class:** All policyholders of a Conseco policy throughout the United States, who submitted Medicare documentation of a claim, but whose

---

[1] For simplicity's sake, references to the "Class" or "Class members," unless expressly stated otherwise, are to both Classes or members of both Classes.

claim Conseco did not pay under the pretense of needing additional documentation from the health care provider.

**Policy Class:**  All persons at least sixty-five years of age who are present policyholders and/or insureds of a Conseco policy that requires "proof of loss" to submit a claim.

Excluded from the Classes are employees, officers, directors, and sales representatives of any Defendant, Plaintiffs' counsel, and any member of the judiciary before whom this action is pending.

25.  Plaintiffs believe that each Class includes at least hundreds of members. The members of each Class are so numerous that joinder of all members is impracticable.

26.  Conseco's herein alleged conduct is generally applicable to Plaintiffs and the Class. Moreover, prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the Classes and that would substantially impair or impede Class members' ability to protect their interests.

27.  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting individual members of the Class. Common questions include:

>     (a)    Whether or not Conseco did not pay claims, made by Plaintiffs and members of the Medicare Bill Class, purportedly due to failure to provide Conseco with adequate documentation of proof of their loss;

    (b)    Whether or not Conseco breached its insurance policies by failing to pay claims due to inadequate proof of loss, upon receipt of a Medicare verification of the claim;

    ( c )    Whether or not Defendants schemed to deny claims by requiring Plaintiffs and the Class to produce unreasonable documentation of proof of a loss;

    (d)    Whether or not Plaintiffs and the Class members' insurance policies permit them to submit a Medicare verifications as adequate documentation of proof of loss.

28.    Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs' claims are typical of the Class members' claims, Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs have no interests antagonistic to those of the Class members.

29.    A class action is a superior method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Classes is impracticable, and many Class members cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions against the Defendant corporations.

## COUNT I

### BREACH OF CONTRACT

30.    Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

31.    Plaintiffs and the Class accepted Defendants' offer to enter into valid and

enforceable insurance contracts that provide benefits in connection with medical expenses, or other health or long-term care, (i.e., the Conseco policies), and which provide that the insured must provide written "proof of loss" to receive payment of a claim.

33. At all relevant times, Plaintiffs and the Class members timely fulfilled their obligations and paid policy premiums required per their insurance policies.

33. Plaintiffs and other Medicare Bill Class members submitted valid claims to Conseco including documentation of proof of their claims in the form of Medicare-authored verifications (e.g., a Medicare Summary Notice) of their claimed medical expenses.

34. The Conseco policies do not require Plaintiffs and the Class to submit "proof of loss" in a particular fashion or in the form of a health care provider's bill, on the provider's stationery, with the provider's signature and/or with any particular itemizations on the bill. Nor do the policies specifically authorize or address Conseco's practice of refusing to honor claims on grounds that a Medicare verification is inadequate proof of loss.

35. Conseco, by failing to pay and by denying and/or indefinitely delaying Plaintiffs' and other Medicare Bill Class members' claims under the pretense of requiring additional documentation of proof of loss, and/or by failing to accept Medicare verifications as documentation of proof of loss, breached their insurance contracts, and their implied duties of good faith and fair dealing that are part of the contracts, with Plaintiffs and the Class.

36. Moreover, by instituting the aforesaid claims denial/delay practice,

Conseco has breached its contracts with all of the Class Members, including members of the Policy Class.

37.  As a result, Plaintiffs and the Class members are damaged. For example, their claims were not paid (i.e., denied and/or perpetually delayed) and/or they paid premiums for Conseco insurance policies that have a lesser market value than like policies have absent Conseco's aforementioned practice and scheme of avoiding pay-outs.

## COUNT II

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND SIMILAR STATE STATUTES

38.  Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

39.  Plaintiffs request relief pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS § 505 *et. al*, and similar state consumer protection statutes, which prohibit false, deceptive, misleading, and unfair acts or practices, including, *e.g.,* the "misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS § 505/2.

40.  At all relevant times, Conseco has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification.

41.  By concealing and failing to disclose the aforementioned material facts and scheme at all relevant times (*e.g.,* at the time Plaintiffs and the Class members

purchased a Conseco policy, at the time Plaintiffs and Conseco communicated regarding the unpaid claims, and at the time Conseco communicated its refusal to pay claims with attendant Medicare verifications submitted by Plaintiff and other Class members), Conseco proximately caused damages to Plaintiffs and the Class.

42.     Conseco reasonably knew and intended that Plaintiffs and the Class members would rely on its concealment of its scheme and its letters requesting additional proof of loss (e.g., beyond a Medicare verification), which Conseco enacted and perpetuates to reduce its pay-outs to insureds.

43.     Defendants' acts, omissions and concealments as described herein are material facts within the meaning of the ICFA and similar state statutes.  For example, had Plaintiffs and the Class members known of these wrongful practices, they would have never have purchased Defendants' Conseco policies.

44.     Defendants, by concealing from Plaintiffs and the Class members the material facts alleged above, engaged in deceptive, misleading and unlawful business practices within the meaning of the ICFA and similar state statutes.

45.     Defendants' aforementioned conduct, individually and in concert as alleged above, is also unfair in violation of the ICFA and similar state statutes, in that Defendants' conduct offends public policy, is immoral, unethical, oppressive, unjust, unconscionable and unscrupulous, violates public policy and caused and continues to cause substantial economic injury to Plaintiffs and the Class.

46.     Defendants, as a direct result of their unscrupulous conduct, have withheld well in excess of ten thousand dollars in pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy.

47. As a proximate result of Defendants' above-described practices and unfair conduct, which the Defendants have intentionally perpetrated individually and in concert, with reckless disregard for the consequences to their insureds, Plaintiffs and the Class were damaged in an amount to be proven at trial.

## COUNT III

## DECLARATORY JUDGMENT

48. Plaintiffs incorporate by reference and re-allege the foregoing allegations as if set forth herein in full.

49. Plaintiffs and other Class members have substantial legal interests in claims which Defendants have denied (or perpetually delayed) and in sums which Defendants have withheld and continue to withhold by virtue of requiring additional documentation to process claims, after receipt of a Medicare verification.

50. Plaintiffs and the Class members have substantial legal interests in the subject matter of this action, in the Court's declaration of their rights and in Defendants' obligations pursuant to the Conseco policies, and substantial legal interests in whether the Conseco policies prohibit/authorize Defendants' policy and practice of rejecting Medicare verifications as inadequate documentation of proof of loss.

51. Defendants have interests adverse to Plaintiffs and the Class members, in that, due to their conduct alleged herein the Defendants benefited at the expense of Plaintiffs and the Class; and Defendants have steadfastly informed Plaintiffs that Medicare verifications will not suffice as documentation of proof of a claim.

52. An actual case or controversy exists between Plaintiffs and the Class, and Defendants, due to the fact that, as alleged, Plaintiffs and other Class members pay

premiums on Conseco policies, are entitled to have their claims paid, are entitled to have their insurance policies honored without having to jump through unreasonable hoops per Defendants' scheme to reduce pay-outs, entitled to the full value of the Conseco policy promised for premiums paid, are entitled to a declaration of rights with respect to same, and are likely to submit additional claims where the issue presented in this case arises; meanwhile, to date Defendants continue to collect Plaintiffs' premiums yet have refused, and continue to refuse to properly pay Plaintiffs' aforesaid claims and ongoing damages which continue to accrue.

53.     Defendants are unjustly enriched by the sums that they have withheld from Plaintiffs and the Medicare Bill Class, because they have unjustly retained monies, or portions thereof, that are due and owing to such insureds and policyholders who have submitted Medicare verifications of their valid claims; and Defendants' retention of such sums violate principles of justice and equity.

54.     Defendants' conduct is also and/or alternatively unlawful for all of the reasons stated in Counts I and II above.

55.     The Court can resolve this dispute by declaring the parties' relevant rights and obligations, including a declaration that Conseco may not reject a proper Medicare verification as inadequate documentation of proof of loss, pursuant to Plaintiffs' and the Class members' Conseco policies and public policy.

56.     Plaintiffs additionally request that the Court enjoin Defendants from continuing to fail to pay Conseco policy claims purportedly because a claimant's Medicare verification is inadequate proof of loss. There is no other adequate remedy at

law for such relief, because absent such relief Plaintiffs and the Class members will be irreparably harmed and injured.

57.  Plaintiffs' request for injunctive relief is likely to succeed on the merits, as Defendants' conduct is illegal, immoral and unconscionable. In balancing the hardships between the interests of the insureds and policyholders, and Conseco, Plaintiffs and the Class members will incur substantial irreparable harm and injury without injunctive relief as alleged herein, as opposed to any detriment incurred by Conseco if an injunction is issued.

58.  Defendants should account for all Class members' claims, premiums, and/or portions thereof improperly collected and withheld as alleged herein, and should have a constructive trust imposed on said sums until further order of Court. Plaintiffs request that the constructive trust be established for purposes of providing restitution and/or distributing monies rightfully due to Plaintiffs and other Class members arising out of Conseco's above-described inequitable conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the judgment and relief as follows:

- A.  An order certifying each of the Classes as defined above and appointing Plaintiffs as representatives of the Classes and Plaintiffs' counsel as class counsel;

- B.  A finding that Defendants, by virtue of their aforementioned conduct, have breached their contracts with Plaintiffs and the Class and are in violation of the Illinois Consumer Fraud Act and similar state statutes;

    C.    Judgment in favor of Plaintiffs and the Class and against the Defendants on all causes of action;

    D.    A declaration of Defendants' obligations and Plaintiffs' and Class members' rights pursuant to the Conseco policies at issue, specifically, e.g., that Medicare verifications constitute sufficient documentation of proof of loss, and/or that Defendants' policy or practice of failing to pay claims on grounds that Medicare verifications are insufficient documentation of proof of loss, is unlawful;

    E.    An injunction preventing Defendants from refusing to pay claims made pursuant to Plaintiffs' and the Class members' insurance policies on grounds that a Medicare verification is insufficient documentation of proof of loss;

    F.    An award of monetary damages and/or restitution to Plaintiffs and the Class members, including interest and punitive damages as appropriate, together with reasonable attorney's fees and costs;

    G.    An Order requiring Defendants to account for all Class members' claims, premiums, and/or portions thereof improperly collected or withheld, and imposing a constructive trust on said sums until further order of the Court; and

    H.    Such other relief that the Court deems proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims and issues herein so triable.

        Sheldon Langendorf and Estelle Langendorf, individually and on behalf of all others similarly situated


        By:     /s/Larry D. Drury
                Larry D. Drury

Larry D. Drury
Ilan Chorowsky
**Larry D. Drury, Ltd.**
205 W. Randolph Street, Suite 1430
Chicago, IL 60606
(312) 346-7950
Ill. Reg. # 0681024

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the above Amended Class Action Complaint was served upon all parties and/or counsel of record, by operation of the Court's electronic filing system, on August 8, 2008.

                                                    /s/Larry D. Drury
                                                      Larry D. Drury