IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY and CONSECO, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:08-cv-03914<br><br>Honorable Ruben Castillo |

**DEFENDANT CONSECO SENIOR HEALTH INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

This case is based on the alleged breach of a health insurance policy. Plaintiffs allege that Defendants breached the terms of the policy by denying Plaintiffs' claims based on Plaintiffs' failure to submit sufficient proof of loss. Plaintiffs assert three causes of action: 1) breach of contract; 2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. § 505/1 *et seq.*; and 3) declaratory judgment. As demonstrated herein, the Court should dismiss Plaintiffs' ICFA claim because, under Illinois law, an ICFA claim cannot be based on an alleged breach of contract.

## I. STATEMENT OF FACTS

In the amended complaint, Plaintiffs allege that they purchased a health insurance policy from Defendants.[1]  (Doc. 20, ¶ 10).  Plaintiffs assert that Defendants breached the terms of the

---

[1] Plaintiffs jointly refer to Defendants as "Conseco," defined in the amended complaint to mean both Conseco, Inc. and Conseco Senior Health Insurance Company. The policy at issue in this case was

policy by denying Plaintiffs' claims due to Plaintiffs' failure to provide sufficient proof of loss. (Id. at ¶ 35). Plaintiffs argue that this denial was wrongful because the policy does not require Plaintiffs to submit proof of loss "in a particular fashion." (Id. at ¶ 34). In addition to breach of contract, Plaintiffs also assert a claim under the ICFA. The same allegations that serve as the basis for Plaintiffs' breach of contract claim also serve as the basis for Plaintiffs' ICFA claim. (Id. at ¶ 40). Specifically, Plaintiffs allege in their ICFA count that "Conseco has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class Members' claims under the false pretense of requiring additional documentation of proof of a claim." (Id. at ¶ 40). Plaintiffs further allege that they relied upon Conseco's "concealment of its scheme and its letters requesting additional proof of loss, … which Conseco enacted and perpetrates to reduce its pay-outs to insureds." (Id. at ¶ 42). Plaintiffs contend that this "scheme" resulted in Conseco withholding "pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy." (Id. at ¶ 46).

## II. ARGUMENT

**A.     The Court Should Dismiss Plaintiffs' ICFA Claim Because It Is Based On An Alleged Breach Of Contract.**

As noted by the United States Supreme Court, "a breach of contract, without more, 'does not amount to a cause of action cognizable under the [Illinois Consumer Fraud] Act and the Act should not apply to simple breach of contract claims.'" American Airlines, Inc. v. Wolens, 513 U.S. 219, 233 (1995) (quoting Golembiewski v. Hallberg Ins. Agency, Inc., 262 Ill. App. 3d 1082, 1093, 635 N.E.2d 452, 460 (Ill. App. Ct. 1st Dist. 1994)). "If this were not so, the Act would 'supplement every breach of contract claim with a redundant remedy.'" Systems

---

originally issued by American Travellers Life Insurance Company, a predecessor in interest to Conseco Senior Health Insurance Company. Conseco, Inc. is the ultimate parent company of Conseco Senior Health Insurance Company and did not issue or administer the policy in question.

America, Inc. v. Providential Bancorp, Ltd., No. 05 C 2161, 2006 WL 463314, at *7 (N.D. Ill. Feb. 24, 2006) (quoting Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (Ill. 2005)).  "Rather, the Act contemplates that a 'deceptive act or practice' … must involve 'more than the mere fact that a defendant promised something and then failed to do it [since] [t]hat type of 'misrepresentation' occurs every time a defendant breaches a contract.'" Id.  Similarly, the Seventh Circuit Court of Appeals has recognized that if "'our courts [were] to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action.'"  Shaw v. Hyatt Int'l Corp., 461 F.3d 899, 901 (7th Cir. 2006) (quoting Avery, 216 Ill. 2d at 169, 835 N.E.2d at 844); see also Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 704, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 1st Dist. 2005) (affirming the dismissal of ICFA claim asserted on behalf of a putative class because it was "merely a breach of contract count clothed as a violation of the Consumer Fraud Act"); Kindernay v. Hillsboro Area Hosp., 366 Ill. App. 3d 559, 576, 851 N.E.2d 866, 880-81 (Ill. App. Ct. 5th Dist. 2006) (holding that the allegations in the complaint "amount to nothing more than an allegation that the defendant promised to [perform its obligations under the contract] and failed to do it properly); Zankle v. Queen Anne Landscaping, 311 Ill. App. 3d 308, 313, 724 N.E.2d 988, 992-93 (Ill. App. Ct. 2nd Dist. 2000) (holding that "a naked breach-of-contract claim does not support a Consumer Fraud Act claim"); Wooley v. Jackson Hewitt, Inc., 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008) (Castillo, J.) (holding that "Plaintiff cannot transform what is in essence a breach of contract claim into a fraud claim under the ICFA").

The Illinois Supreme Court applied this rule in the insurance context in Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (Ill. 2005).  The named

plaintiffs in Avery asserted a claim against State Farm on behalf of a nationwide class under the ICFA for using allegedly inferior "non-OEM" replacement parts in violation of the plaintiffs' automobile insurance policies.[2] Avery, 216 Ill. 2d 100, 168-69, 835 N.E.2d at 843-44. This same allegation—the use of non-OEM parts—also served as the basis for the plaintiffs' breach of contract claim. Id. at 169, 835 N.E.2d at 844. The case proceeded to trial on both claims and a verdict was entered against State Farm for $1,186,180,000. Id. at 121, 835 N.E.2d at 817. On appeal, the Illinois Supreme Court reversed the judgment because, among other reasons, the ICFA claim could "not be based on a breach of a promise contained in [the plaintiffs'] insurance policies." Id. at 168, 835 N.E.2d at 843. Although plaintiffs argued that the claim was based on State Farm's deception and not on the policies themselves, the court rejected this argument, noting that the "repeated references to simple breaches of contractual promises in support of the consumer fraud count are in error." Id. at 169, 835 N.E.2d at 844. Citing numerous Illinois cases, the court reiterated that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." Id.

Here, as in Avery, the only allegations supporting Plaintiffs' ICFA claim are the very same allegations that serve as the basis for Plaintiffs' breach of contract claim. In their breach of contract claim, Plaintiffs allege that Conseco wrongfully denied their claims by requiring documentation of proof of loss that is not specifically mandated by the policy. (Doc. 20, ¶ 35). Plaintiffs' ICFA claim is based on this very same allegation. Specifically, Plaintiffs allege in their ICFA count that "Conseco has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class Members' claims under the false pretense of requiring additional documentation of proof of a claim." (Id. at ¶ 40). Plaintiffs further allege that they

---

[2] "Non-OEM" refers to parts that are not "Original Equipment Manufacturer" parts, which are parts made by the original manufacturer of the vehicle. Avery, 216 Ill. 2d at 110, 835 N.E.2d at 810-11.

relied upon Conseco's "concealment of its scheme and its letters requesting additional proof of loss, which Conseco enacted and perpetrates to reduce its pay-outs to insureds." (Id. at ¶ 42). Plaintiffs contend that this "scheme" resulted in Conseco withholding "pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy." (Id. at ¶ 46). These allegations leave no doubt that Plaintiffs' ICFA claim is "merely a breach of contract count clothed as a violation of the Consumer Fraud Act." Sklodowski, 358 Ill. App. 3d at 704, 832 N.E.2d at 196-97. As a result, these allegations are "not actionable under the Consumer Fraud Act." Avery, 216 Ill. at 169, 835 N.E.2d at 844. Therefore, because Plaintiffs failed to state a claim under the ICFA, the Court should dismiss Plaintiffs' ICFA claim with prejudice pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court should grant Conseco Senior Health Insurance Company's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and enter an order dismissing with prejudice Plaintiffs' claim under the Illinois Consumer Fraud Act.

Respectfully submitted,

s/ Paul P. Bolus
Paul P. Bolus (*Pro Hac Vice*)
pbolus@bradleyarant.com
Gary L. Howard (*Pro Hac Vice*)
ghoward@bradleyarant.com
D. Brian O'Dell (*Pro Hac Vice*)
bodell@bradleyarant.com
Jason A. Walters (*Pro Hac Vice*)
jwalters@bradleyarant.com

        Bradley Arant Rose & White LLC
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama  35203
        Telephone:  (205) 521-8000
        Facsimile:  (205) 521-8800


        Bradley S. Levinson
        blevinson@condoncook.com
        Mark B. Ruda
        mruda@condoncook.com

        Condon & Cook
        745 North Dearborn Street
        Chicago, Illinois  60654
        Telephone:  (312) 266-1313

        *Attorney for Defendants, Conseco Senior Health*
        *Insurance Company and Conseco, Inc.*


**CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Larry D. Drury, Esq.
    Ilan J. Chorowsky, Esq.
    Larry D. Drury, Ltd.
    205 West Randolph Street
    Suite 1430
    Chicago, Illinois  60606


        s/ Paul P. Bolus
        OF COUNSEL