IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY and CONSECO, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:08-cv-03914<br><br>Honorable Ruben Castillo |

**DEFENDANT CONSECO, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant Conseco, Inc. submits the following Memorandum of Law in support of its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment:

**STATEMENT OF FACTS**

In the complaint, Plaintiffs allege that "Plaintiff Sheldon Langendorf contracted with Conseco to receive health insurance." (Doc. 20, ¶ 10). Plaintiffs further allege that "Conseco has systematically declined to pay Plaintiffs benefits for claims they have each submitted . . . despite the fact that Plaintiffs have repeatedly provided Defendant with documentation of claims . . . ." (Id., ¶ 12).

In making these allegations, Plaintiffs make no distinction between Conseco, Inc. and its subsidiary, Conseco Senior Health Insurance Company ("Conseco Senior"). (Id. at p. 1) (defining "Conseco" or "Defendants" to include Conseco, Conseco Senior and Doe Defendants

1-20). Plaintiffs simply state that the "allegations [in the complaint] with respect to Conseco are inclusive of Conseco Senior Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20 [hereinafter, the collective "Conseco"], which participated, combined and conspired to perpetuate the conduct alleged herein."  (Id., ¶ 8).

Based on these allegations, Plaintiffs assert three causes of action against the collective "Conseco":  1) breach of contract; 2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. § 505/1 *et seq.*; and 3) declaratory judgment.  As demonstrated herein, the Court should dismiss Plaintiffs' claims against Conseco, Inc. because: 1) there is no contract between Plaintiffs and Conseco, Inc. – Conseco, Inc. did not issue and is not a party to the policy upon which Plaintiffs' base their breach of contract claim; and 2) Conseco, Inc. is not involved in any decision to pay claims submitted by Conseco Senior's insureds, including those submitted by Plaintiffs.

I. **PLAINTIFFS' BREACH OF CONTRACT CLAIM AGAINST CONSECO, INC. SHOULD BE DISMISSED BECAUSE CONSECO, INC. HAS NO CONTRACT WITH PLAINTIFFS.**

Conseco, Inc. has no contract with Plaintiffs.  (See **Exhibit A**); (see also **Exhibit B**).[1]  In fact, Conseco, Inc. does not even issue insurance policies.  (Ex. B, ¶ 4).  Conseco Senior issued the policy, which Plaintiffs allege was breached, in this case.  (See Ex. A).  Conseco, Inc.'s only connection to this case is, as alleged by Plaintiffs, the fact that it is the ultimate parent company for Conseco Senior.  (Doc. 20, ¶ 6) ("Conseco, Inc. . . . is the parent company for [Conseco

---

[1]    All exhibits referenced herein are attached to Conseco, Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Although Plaintiffs failed to attach the insurance policy to their complaint, the policy is at the core of their breach of contract claim.  The Court may therefore consider the insurance policy without converting Conseco, Inc.'s motion to dismiss to a motion for summary judgment.  See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

Senior] and the rest of its group of insurance companies that operate . . . under the 'Conseco' brand and name."); (see also Ex. B, ¶ 3);.

Plaintiffs' allegations that the collective "Conseco" "breached their contracts" by "failing to pay and by denying and/or indefinitely delaying Plaintiffs' . . . claims" are unfounded. (Doc. 20, ¶ 35). In order to prevail on a breach of contract cause of action, under Illinois law, a plaintiff must show that a valid contract existed between the parties. See Priebe v. Autobarn, Ltd., 240 F.3d 584, 587 (7th Cir. 2001) ("Under Illinois law, '[t]o state a cause of action for breach of contract a plaintiff must show: (1) the existence of a valid and enforceable contract . . . .'") (quoting Hickox v. Bell, 195 Ill. App. 3d 976, 992, 552 N.E.2d 1133, 1143 (Ill. App. Ct. 5th Dist. 1990)). Plaintiffs have failed to show that they had a valid and enforceable contract with Conseco, Inc. Accordingly, Plaintiffs' breach of contract claim against Conseco, Inc. is due to be dismissed.

## II. PLAINTIFFS' ICFA CLAIM AGAINST CONSECO, INC. SHOULD BE DISMISSED.

### A. Plaintiffs' ICFA Claim Is Based On An Alleged Breach Of Contract.

As noted by the United States Supreme Court, "a breach of contract, without more, 'does not amount to a cause of action cognizable under the [Illinois Consumer Fraud] Act and the Act should not apply to simple breach of contract claims.'" American Airlines, Inc. v. Wolens, 513 U.S. 219, 233 (1995) (quoting Golembiewski v. Hallberg Ins. Agency, Inc., 262 Ill. App. 3d 1082, 1093, 635 N.E.2d 452, 460 (Ill. App. Ct. 1st Dist. 1994)). "If this were not so, the Act would 'supplement every breach of contract claim with a redundant remedy.'" Systems America, Inc. v. Providential Bancorp, Ltd., No. 05 C 2161, 2006 WL 463314, at *7 (N.D. Ill. Feb. 24, 2006) (quoting Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (Ill. 2005)). "Rather, the Act contemplates that a 'deceptive act or practice' …

must involve 'more than the mere fact that a defendant promised something and then failed to do it [since] [t]hat type of 'misrepresentation' occurs every time a defendant breaches a contract.'" Id.

Similarly, the Seventh Circuit Court of Appeals has recognized that if "'our courts [were] to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action.'" Shaw v. Hyatt Int'l Corp., 461 F.3d 899, 901 (7th Cir. 2006) (quoting Avery, 216 Ill. 2d at 169, 835 N.E.2d at 844); see also Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 704, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 1st Dist. 2005) (affirming the dismissal of ICFA claim asserted on behalf of a putative class because it was "merely a breach of contract count clothed as a violation of the Consumer Fraud Act"); Kindernay v. Hillsboro Area Hosp., 366 Ill. App. 3d 559, 576, 851 N.E.2d 866, 880-81 (Ill. App. Ct. 5th Dist. 2006) (holding that the allegations in the complaint "amount to nothing more than an allegation that the defendant promised to [perform its obligations under the contract] and failed to do it properly); Zankle v. Queen Anne Landscaping, 311 Ill. App. 3d 308, 313, 724 N.E.2d 988, 992-93 (Ill. App. Ct. 2nd Dist. 2000) (holding that "a naked breach-of-contract claim does not support a Consumer Fraud Act claim"); Wooley v. Jackson Hewitt, Inc., 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008) (Castillo, J.) (holding that "Plaintiff cannot transform what is in essence a breach of contract claim into a fraud claim under the ICFA").

The Illinois Supreme Court applied this rule in the insurance context in Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (Ill. 2005). The named plaintiffs in Avery asserted a claim against State Farm on behalf of a nationwide class under the ICFA for using allegedly inferior "non-OEM" replacement parts in violation of the plaintiffs'

automobile insurance policies.[2] <u>Avery</u>, 216 Ill. 2d 100, 168-69, 835 N.E.2d at 843-44. This same allegation—the use of non-OEM parts—also served as the basis for the plaintiffs' breach of contract claim. <u>Id.</u> at 169, 835 N.E.2d at 844. The case proceeded to trial on both claims and a verdict was entered against State Farm for $1,186,180,000. <u>Id</u>. at 121, 835 N.E.2d at 817. On appeal, the Illinois Supreme Court reversed the judgment because, among other reasons, the ICFA claim could "not be based on a breach of a promise contained in [the plaintiffs'] insurance policies." <u>Id.</u> at 168, 835 N.E.2d at 843. Although plaintiffs argued that the claim was based on State Farm's deception and not on the policies themselves, the court rejected this argument, noting that the "repeated references to simple breaches of contractual promises in support of the consumer fraud count are in error." <u>Id.</u> at 169, 835 N.E.2d at 844. Citing numerous Illinois cases, the court reiterated that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." <u>Id.</u>

Here, as in <u>Avery</u>, the only allegations supporting Plaintiffs' ICFA claim are the very same allegations that serve as the basis for Plaintiffs' breach of contract claim. In their breach of contract claim, Plaintiffs allege that the collective "Conseco" wrongfully denied their claims by requiring documentation of proof of loss that is not specifically mandated by the policy. (Doc. 20, ¶ 35). Plaintiffs' ICFA claim is based on this very same allegation.

Specifically, Plaintiffs allege in their ICFA count that the collective "Conseco" "has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim." (<u>Id.</u> at ¶ 40). Plaintiffs further allege that they relied upon the collective "Conseco's" "concealment of its scheme and its letters requesting additional proof of loss (e.g., beyond a

---

[2] "Non-OEM" refers to parts that are not "Original Equipment Manufacturer" parts, which are parts made by the original manufacturer of the vehicle. <u>Avery</u>, 216 Ill. 2d at 110, 835 N.E.2d at 810-11.

Medicare verification), which Conseco enacted and perpetrates to reduce its pay-outs to insureds." (Id. at ¶ 42). Plaintiffs contend that this "scheme" resulted in the collective "Conseco" withholding "pay-outs on claims each Plaintiff has made pursuant to Plaintiffs' Conseco policy." (Id. at ¶ 46).

These allegations leave no doubt that Plaintiffs' ICFA claim is "merely a breach of contract count clothed as a violation of the Consumer Fraud Act." Sklodowski, 358 Ill. App. 3d at 704, 832 N.E.2d at 196-97. As a result, these allegations are "not actionable under the Consumer Fraud Act." Avery, 216 Ill. at 169, 835 N.E.2d at 844. Therefore, because Plaintiffs failed to state a claim under the ICFA, the Court should dismiss Plaintiffs' ICFA claim against Conseco, Inc. with prejudice pursuant to Rule 12(b)(6).

**B.    Conseco, Inc. Has Not Denied Or Delayed Paying Any Of The Claims Allegedly Submitted By Plaintiffs.**

Even if the Court found that Plaintiffs stated an ICFA claim, apart from their breach of contract claim, Plaintiffs' ICFA claim against Conseco, Inc. should still be dismissed. Not only does Conseco, Inc. not issue insurance policies, it does not decide whether to deny or to pay claims submitted by Conseco Senior's insureds, including the claims allegedly submitted by Plaintiffs. (Ex. B, ¶ 6). Moreover, Conseco, Inc. does not develop or control the policies and procedures used by Conseco Senior in offering, reviewing, approving, issuing and administering Conseco Senior's insurance policies, including the policy at issue. (Id., ¶ 5). Plaintiffs' allegations that the collective "Conseco" "perpetuated [a] scheme designed to avoid paying (by denying or delaying) Plaintiffs' or Class members' claims under the false pretense of requiring additional documentation of proof of claim" are similarly unfounded. (Doc. 20, ¶ 40).

"To succeed in a private cause of action under the [ICFA], a plaintiff must prove '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the

deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" Avery, 216 Ill. 2d at 190, 835 N.E.2d at 856 (quoting Oliveira v. Amoco Oil Co., 201 Ill. 2d 134, 149, 776 N.E.2d 151 (Ill. 2002)). Given that Conseco, Inc. played no part in reviewing claims allegedly submitted by Plaintiffs or making any decisions with regard to the claims allegedly submitted by Plaintiffs, which is what Plaintiffs' allege constitutes the basis for their ICFA claim against Conseco, Inc., Plaintiffs cannot prove their prima facie case – namely, the existence of "a deceptive act or practice by Conseco, Inc." Id. Accordingly, Plaintiffs' ICFA claim against Conseco, Inc. should be dismissed.

### III. PLAINTIFFS' REQUEST FOR DECLARATORY RELIEF AGAINST CONSECO, INC. SHOULD BE DENIED.

In addition to their breach of contract and IFCA claims, Plaintiffs seek declaratory relief against the collective "Conseco." Plaintiffs' request includes, among other things, a "finding that Defendants have breached their contracts with Plaintiffs and the Class and are in violation of the ICFA and similar state statutes," a "declaration of Defendants' obligations and Plaintiffs' and Class members' rights pursuant to the Conseco policies at issue," and an "injunction preventing Defendants from refusing to pay claims made pursuant to Plaintiffs' and the Class members' insurance policies." (Doc. 20 at pp. 14-15). As set forth above, Plaintiffs' breach of contract and ICFA claims against Conseco, Inc. are due to be dismissed. Consequently, Plaintiffs' request for declaratory relief against Conseco, Inc. should be denied.

### IV. CONCLUSION.

For the foregoing reasons, the Court should grant Conseco Inc.'s Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and enter an order dismissing with prejudice all of Plaintiffs' claims. In the alternative, the Court should grant Conseco Inc.'s

Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and enter an order dismissing with prejudice all of Plaintiffs' claims.

        Respectfully Submitted,

        s/ Paul P. Bolus
        Paul P. Bolus (*Pro Hac Vice*)
        pbolus@bradleyarant.com
        Gary L. Howard (*Pro Hac Vice*)
        ghoward@bradleyarant.com
        D. Brian O'Dell (*Pro Hac Vice*)
        bodell@bradleyarant.com
        Jason A. Walters (*Pro Hac Vice*)
        jwalters@bradleyarant.com

        Bradley Arant Rose & White LLC
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama  35203
        Telephone:  (205) 521-8000
        Facsimile:  (205) 521-8800

        Bradley S. Levinson
        blevinson@condoncook.com
        Mark B. Ruda
        mruda@condoncook.com

        Condon & Cook
        745 North Dearborn Street
        Chicago, Illinois  60654
        Telephone:  (312) 266-1313

        *Attorney for Defendants, Conseco Senior Health Insurance Company and Conseco, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Larry D. Drury, Esq.
> Ilan J. Chorowsky, Esq.
> Larry D. Drury, Ltd.
> 205 West Randolph Street
> Suite 1430
> Chicago, Illinois 60606

                      s/ Paul P. Bolus
                      OF COUNSEL