IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY and CONSECO, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:08-cv-03914<br><br>Honorable Ruben Castillo |

## STATEMENT OF MATERIAL FACTS

Defendant Conseco, Inc., pursuant to Local Rule 56.1(a), submits the following Statement of Material Facts in support of its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment:

1. This Court has original jurisdiction of this case under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), which provides in pertinent part as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

2. The Class Action Fairness Act has amended 28 U.S.C. § 1332 to provide for original federal jurisdiction over, *inter alia*, class actions in which the number of members of the proposed plaintiff class is 100 or more; there is diversity of citizenship between any one member of the plaintiff class (named or unnamed) and any defendant; and the amount in controversy (which may be calculated by aggregating the claims of all class members) exceeds $5 million. The Amended Complaint satisfies each of these requirements.

3. Plaintiffs allege that there are "at least hundreds of members" included within each of the two classes. (Doc. 20, ¶ 25). The proposed plaintiff class thus satisfies the requirement of 100 or more class members.

4. The minimal diversity requirement is also satisfied. Conseco, Inc. is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Indiana. Conseco Senior Health Insurance Company is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Indiana. The Conseco Defendants are not citizens of Illinois. Upon information and belief, Plaintiffs are resident citizens of the State of Illinois. Moreover, Plaintiffs seek to represent a nationwide class of policyholders. (Doc. 20, ¶ 24).¶

5. The amount in controversy requirement of $5,000,000 is likewise satisfied for the reasons set forth in Defendants' notice of removal. (See Doc. 1, ¶¶ 4-13).

6. Accordingly, this Court possesses subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2).

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the alleged events or omissions giving rise to the claim occurred in this district.

8. Conseco, Inc. is the ultimate parent company of Conseco Senior. (See Aff. of K. Kindig, ¶ 3, Ex. B to Conseco, Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment).

9. Conseco, Inc. is not an insurer. It does not issue or administer insurance policies. Conseco, Inc. does not review or approve the insurance policies issued by Conseco Senior. (Id., ¶ 4).

10. Moreover, Conseco, Inc. does not develop or control the policies and procedures used by Conseco Senior in offering, reviewing, approving, issuing and administering Conseco Senior's insurance policies. (Id., ¶ 5).

11. Conseco, Inc. does not decide whether to deny or pay claims submitted by Conseco Senior's insureds. (Id., ¶ 6).

12. Conseco, Inc. does not have a contractual relationship with Plaintiffs Sheldon or Estelle Langendorf. (Id., ¶ 7; see also Insurance Policy, Ex. A to Conseco, Inc.'s Motion to Dismiss or, in the Alternative, Motion for Summary Judgment).

Respectfully Submitted,

s/ Paul P. Bolus

Paul P. Bolus (*Pro Hac Vice*)
pbolus@bradleyarant.com
Gary L. Howard (*Pro Hac Vice*)
ghoward@bradleyarant.com
D. Brian O'Dell (*Pro Hac Vice*)
bodell@bradleyarant.com
Jason A. Walters (*Pro Hac Vice*)
jwalters@bradleyarant.com

        Bradley Arant Rose & White LLC
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama  35203
        Telephone:  (205) 521-8000
        Facsimile:  (205) 521-8800


        Bradley S. Levinson
        blevinson@condoncook.com
        Mark B. Ruda
        mruda@condoncook.com

        Condon & Cook
        745 North Dearborn Street
        Chicago, Illinois  60654
        Telephone:  (312) 266-1313

        *Attorney for Defendants, Conseco Senior Health*
        *Insurance Company and Conseco, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Larry D. Drury, Esq.
Ilan J. Chorowsky, Esq.
Larry D. Drury, Ltd.
205 West Randolph Street
Suite 1430
Chicago, Illinois 60606

                s/ Paul P. Bolus
                OF COUNSEL