IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSECO SENIOR HEALTH INSURANCE COMPANY, CONSECO, INC. and DOES 1-20.<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br><br><br><br><br>No. 08 CV 3914<br><br>Judge Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

PLAINTIFFS' RESPONSES TO DEFENDANT
CONSECO SENIOR HEALTH INSURANCE COMPANY'S
AFFIRMATIVE DEFENSES

Now come Plaintiffs, SHELDON LANGENDORF and ESTELLE LANGENDORF, by and through their attorneys, LARRY D. DRURY, LTD., and in response to Defendant, Conseco Senior Health Insurance Company's Affirmative Defenses, state as follows:

FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's First Defense.

SECOND DEFENSE

Plaintiffs' claims are barred by the voluntary payment rule.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Second Defense.

### THIRD DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Third Defense.

### FOURTH DEFENSE

The Amended Complaint and each count thereof are barred by the applicable statutes of limitation.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Fourth Defense.

### FIFTH DEFENSE

Plaintiffs have failed to meet the conditions precedent to assert a breach of contract claim against Defendant.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Fifth Defense.

### SIXTH DEFENSE

Plaintiffs' Amended Complaint is barred by failure to plead with the requisite specificity.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Sixth Defense.

### SEVENTH DEFENSE

Defendant avers the affirmative defenses of ratification, release, waiver, laches and unclean hands.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Seventh Defense.

### EIGHTH DEFENSE

Plaintiffs are not entitled to a jury trial on their Illinois Consumer Fraud and Deceptive Business Practices Act claim.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Eighth Defense.

### NINTH DEFENSE

Defendant has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by Plaintiffs are, therefore, preempted under state or federal law, or either of them, including, but not limited to, the Employment Retirement Income Security Act ("ERISA").

RESPONSE:  Plaintiffs deny the allegations contained in Defendant's Ninth Defense.

### TENTH DEFENSE

Plaintiffs have failed to satisfy the express terms of the contracts between Plaintiffs and Defendant.

RESPONSE:  Plaintiffs deny the allegations contained in Defendant's Tenth Defense.

### ELEVENTH DEFENSE

The named Plaintiffs' claims are not typical of the claims of the class they seek to represent and they are an inadequate class representatives.

RESPONSE:  Plaintiffs deny the allegations contained in Defendant's Eleventh Defense.

### TWELFTH DEFENSE

Individual questions predominate in this action, thus precluding class certification.

RESPONSE:  Plaintiffs deny the allegations contained in Defendant's Twelfth Defense.

### THIRTEENTH DEFENSE

This action cannot be maintained as a national class action because the Illinois Consumer Fraud and Deceptive Business Practices Act does not govern claim by policyholders who purchased their policies outside of the State of Illinois.

RESPONSE:  Plaintiffs deny the allegations contained in Defendant's Thirteenth Defense.

FOURTEENTH DEFENSE

The requirements of Federal Rule of Civil Procedure 23 cannot be satisfied, and therefore, class action treatment is not proper in this lawsuit.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Fourteenth Defense.

FIFTEENTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling of the cases of BMW v. Gore, 517 U.S. 559 (1996), State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), or Philip Morris USA v. Williams 127 S. Ct. 1057 (2007).

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Fifteenth Defense.

SIXTEENTH DEFENSE

The United States Constitution does not establish a right to jury trial for punitive damages. See Cooper Industries, Inc. v. Leatherman Tool Group, Inc. 532 U.S. 434 (2001). Therefore, any claim for a jury trial on punitive damages is to be stricken.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Sixteenth Defense.

SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages, and any award thereof, would violate the United States Constitution and the Constitutions of the various States.

RESPONSE: Plaintiffs deny the allegations contained in Defendant's Seventeenth Defense.

Respectfully submitted,

SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and on behalf of all others similarly situated,