

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHELDON LANGENDORF and ESTELLE LANGENDORF, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | No. 08 C 3914 |
| v. ) ) ) | Judge Ruben Castillo |
| CONSECO SENIOR HEALTH INSURANCE COMPANY, CONSECO, INC., and DOES 1-20, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Sheldon and Estelle Langendorf ("Plaintiffs") bring this purported class action alleging breach of contract (Count I), violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS § 505 *et. seq.* (Count II), and seeking declaratory relief (Count III) against Conseco Senior Health Insurance Company, Conseco, Inc., and Doe Defendants 1-20[1] (collectively the "Conseco Defendants"). (R. 20, Am. Compl.) Jurisdiction is premised on the Class Action Fairness Act[2] ("CAFA"), 28 U.S.C. § 1332(d). (R. 20, Am. Compl. ¶ 2.) Currently before the Court is Conseco Senior Health Insurance Company's ("Defendant") motion to

---

[1] Doe Defendants 1-20 are defined as "entities related or affiliated with Conseco Senior Health Insurance Company or Conseco, Inc., who are liable in whole or part for the conduct herein alleged. If appropriate, Plaintiffs will amend the Complaint to bring claims against such parties after their identifies have been ascertained." (R. 20, Am. Class Action Compl., ("Am. Compl.") ¶ 7.)

[2] CAFA provides original federal jurisdiction over class actions in which the number of members of the proposed plaintiff class is 100 or more; there is diversity of citizenship between any one member of the plaintiff class (named or unnamed) and any defendant' and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332.

dismiss Count II, Plaintiffs' claim brought under the ICFA, pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 21, Def.'s Mot. to Dismiss.) For the reasons stated below, the motion to dismiss is granted.

## RELEVANT FACTS

Plaintiffs allege that between 2004 and 2007, they submitted "numerous claims for reimbursement and/or payment of medical expenses" in connection with a health insurance policy purchased from Defendant. (R. 20, Am. Compl. ¶¶ 10-11.) Plaintiffs further allege that Defendant "has systematically declined to pay Plaintiffs benefits," "under the pretense of requiring additional documentation of proof of loss, and/or failing to accept Medicare verifications as documentation of proof of loss." (*Id.* ¶¶ 11, 35.) Plaintiffs argue that Defendant breaches its insurance contracts because the policies do not require "'proof of loss' in a particular fashion" and do not "specifically authorize or address" Defendant's position that "Medicare verification is inadequate proof of loss." (*Id.* ¶ 34.) Plaintiffs further allege that Defendant violated the ICFA through its "scheme designed to avoid paying . . . claims under the pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification." (*Id.* ¶ 34.) Plaintiffs allege that Defendant "enacted and perpetuates" this scheme "to reduce its pay-outs to insureds." (*Id.* ¶ 42.)

Plaintiffs seek to bring these claims on behalf of other similarly situated individuals, through two classes defined as follows:

> "**Medicare Bill Class**: All policyholders of a Conseco policy throughout the United States, who submitted Medicare documentation of a claim, but whose claim Conseco did not pay under the pretense of needing additional documentation from the health care provider."

2

"**Policy Class**: All persons at least sixty-five years of age who are present policyholders and/or insureds of a Conseco policy that requires 'proof of loss' to submit a claim."

(*Id.* ¶ 24.)

## PROCEDURAL HISTORY

On June 9, 2008, Plaintiffs filed a complaint in the Circuit Court of Cook County, Illinois against the Conseco Defendants. (R. 1, Not. of Removal, Ex. 1, Circuit Ct. Compl.) The complaint sets forth claims for breach of contract and violations of the ICFA based on the Conseco Defendants' alleged wrongful denial of claims under Plaintiffs' health insurance policy. (*Id.*) On July 9, 2008, the Conseco Defendants removed the action to this Court pursuant to CAFA. (*Id.*, Notice of Removal.) On August 8, 2008, in accordance with this Court's order (R. 15, 7/21/2008 Min. Order), Plaintiffs filed an amended federal complaint, with the same allegations as set forth in the state court complaint. (R. 20, Am. Compl.) On September 29, 2008, this Court dismissed Conseco, Inc. without prejudice.[3] (R. 33, 9/29/2008 Min. Order.)

Defendant now moves to dismiss Count II, Plaintiffs' claim brought under the ICFA, pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 21, Def.'s Mot. to Dismiss.)

## LEGAL STANDARDS

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two clear, easy hurdles": (1) "the

---

[3] The dismissal was made pursuant to the stipulation and proposed order jointly filed by the parties on September 25, 2008. (R. 32, Stipulation.)

3

complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

The ICFA prohibits unfair or deceptive acts or practices, and provides a cause of action for any person who suffers actual damages as a result of a violation. 815 ILCS 505/10a(a). To state a claim under the ICFA, the plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade and commerce; and (4) actual damages (5) proximately caused by the deception. *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007). In Count II, Plaintiffs allege that Defendant "has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification" in violation of the ICFA. (Am. Compl. ¶ 40.) Defendant argues that this claim should be dismissed because "under Illinois law, an ICFA claim cannot be based on an allegation of breach of contract." (R. 22, Def.'s Mem. of Law in Support of its Mot. to Dismiss ("Def.'s Mem.") at 1.)

The Illinois Supreme Court held that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). In *Avery*, plaintiffs asserted a claim against State Farm on behalf of a nationwide

4

class under the ICFA for using allegedly inferior replacement parts in violation of the plaintiffs' automobile insurance policies. *Id.* at 843-44. This same allegation also served as a basis for the plaintiffs' breach of contract claim. *Id.* At trial a verdict was entered against State Farm on both claims. *Id.* at 817. On appeal, the Illinois Supreme Court reversed, explaining:

> What plaintiff calls 'consumer fraud' or 'deception' is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. (Citation omitted.)

*Id.* at 844. Therefore, under *Avery*, claims that are premised on the language of a policy cannot form the basis for a consumer fraud action. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901 (7th Cir. 2006) (plaintiff's consumer fraud claim relied exclusively on the promises made by the Hyatt website, and therefore was premised entirely on a breach of contract claim); *see also Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008) (allegations were premised on tax preparation agreements and constituted a breach of contract, not actionable under the ICFA); *Sklodowski v. Countrywide Home Loans, Inc.*, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 2005) (14-day delay in refunding mortgage escrow was based on a provision in the mortgage requiring "prompt" refund, and therefore, claim was a breach of contract claim not a consumer fraud action).

Here, Plaintiffs argue that "the consumer fraud claim in Count II is not premised on the alleged breach of the insurance policy, but rather, on Conseco's conduct - its concealment of its scheme to delay and deny pay-outs, and misrepresentations and unfair conduct . . . under the guise of requiring proof of additional documentation of loss." (R. 34, Resp. to Def.'s Mot. to Dismiss at 3.) The Court, however, finds that the allegations of the ICFA claim are essentially

5

the same as the breach of contract claim. In Count I, the breach of contract claim, Plaintiffs allege that Defendant breached its contract "by failing to pay and by denying and/or delaying Plaintiffs' and other Medicare Bill Class members' claims under the pretense of requiring additional documentation of proof of loss, and/or by failing to accept Medicare verifications as documentation of proof of loss." (R. 20, Am. Compl. ¶ 35.) Similarly, in Count II, the ICFA claim, Plaintiffs allege that Defendant "has perpetrated its scheme designed to avoid paying (by denying or delaying) Plaintiffs' and Class members' claims under the false pretense of requiring additional documentation of proof of a claim above and beyond a Medicare verification." (*Id.* at ¶ 40.) Plaintiffs "cannot transform what is in essence a breach of contract claim into a fraud claim under the ICFA." *Wooley*, 540 F. Supp. 2d at 972. Both the ICFA and breach of contract claims are premised on the insurance policy; specifically, whether Defendant denied or delayed claims by requiring proof of loss beyond what was required under the policy language.

Plaintiffs cite *Gehrett v. Chrysler Corp.*, 882 N.E.2d 1102 (Ill. App. Ct. 2008), to support their argument that the ICFA claim should survive notwithstanding the fact that a breach of contract claim is also plead. The complaint in *Gehrett* alleged that defendant engaged in deceptive acts intended to induce plaintiffs into purchasing a vehicle that was not of the kind it represented. *Id.* at 1115-116. The alleged deceptive acts included telling plaintiffs that the vehicle had a particular feature which it did not have, and removing the sticker on the window of the vehicle, "so as to deceive plaintiffs about the true options on the vehicle and the true manufacturer's retail price." *Id.* at 1115. The court found that "the evidence established a deceptive act and not merely a breach of contract." *Id.* at 1115-116. In this case, however, Plaintiffs deceptive practice allegations are based on Defendant's alleged failure to fulfil its policy obligations--the same exact conduct forming the basis for the breach of contract claim. A

deceptive practice "involves more than the mere fact that a defendant promised something and then failed to do it. That type of 'misrepresentation' occurs every time a defendant breaches a contract." *Avery*, 835 N.E.2d, 844. Therefore, Plaintiffs' restatement of the breach of contract claim is insufficient to sustain the ICFA claim.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, (R. 21), is GRANTED and Count II of the amended complaint is dismissed with prejudice. Count I, the breach of contract claim, remains. The parties are scheduled to appear on January 6, 2009 at 9:45 a.m., at which time a briefing schedule will be set to determine the propriety of class certification and federal jurisdiction under CAFA.

The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case.

Date: December 18, 2008      ENTERED: _____
                                       Ruben Castillo
                                       United States District Judge